**EDMUND E. GARRISON, INC., and Edmund E. Garrison, Plaintiffs,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCALS NOS. 137, 137A, 137B, Daniel F. Gagliardi and Anthony Girardi, Defendants.**

No. 66 Civ. 449.

United States District Court
S. D. New York.

April 25, 1968.

Godfrey P. Schmidt, New York City, for plaintiffs.

Corcoran & Brady, New York City, for defendants, William J. Corcoran, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiffs herein seek an order compelling defendants to proceed to arbitration or alternatively to proceed to a trial of the issues alleged in the complaint. Defendants have cross-moved for dismissal of the action against the individual defendants Gagliardi and Girardi.

The following are the relevant facts with respect to plaintiffs' motion:

A complaint was filed in this court on February 16, 1966, alleging that defendants had violated Section 303 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 187 (1964). Defendants sought a stay of the action on the ground that the disputed issues alleged in the complaint were the proper subject of arbitration. The motion was granted on default and an order entered thereon on April 6, 1966. To this date, arbitration has not taken place.

In June 1967, the local union defendants were served with demands for arbitration. The collective bargaining agreements provided for the selection of two arbitrators by each side with the four so chosen to designate a fifth impartial member. One agreement provides that if the four arbitrators are unsuccessful in choosing a fifth member of the panel this duty shall be delegated to the Chief Judge of the United States District Court for the Southern District of New York, while the other agreement provides for the designation to be made by the Chairman of the Mediation Board of the New York Department of Labor if the four arbitrators could not agree to the designation of an impartial member. The arbitrators selected by plaintiffs were the individual plaintiff herein and his attorney (who is also counsel to the corporate plaintiff). Counsel for defendants objected to plaintiffs' choices, contending that plaintiffs' designees were barred from serving as arbitrators because of their status in the dispute. Having failed to persuade each other as to the merits of their respective positions, plaintiffs have made the instant motion.

The Court is of the opinion that defendants' contention is correct and that plaintiffs' choice of arbitrators does not reflect the intention of the parties as embodied in the collective bargaining agreements. The specific provision of the earlier agreement provides in part that "the matter will be submitted to an Arbitration Board, composed of two (2) representatives, not Members of the Party of the First Part and two representatives not Members of the Party of the Second Part." The later agreement provides that "the Arbitration Board shall be composed of two (2) representatives appointed by the Employer and two (2) representatives appointed by the Union."

Plaintiffs' contention with respect to the first-quoted clause is untenable. Plaintiffs argue, in essence, that the meaning of this clause is that the employer may not choose representatives of a union as his arbitrators and that a union cannot choose representatives of the employer to represent it at arbitration proceedings. Clearly, the intent of the agreement is to recognize that partial or non-neutral representatives might be used but that such arbitrators could not be parties to the dispute. See generally Elkouri & Elkouri, How Arbitration Works 48 (Rev.ed. 1960).

The second contract is more indefinite in its language, but a similar

conclusion should be reached. Even though the contract sanctions and contemplates the appointment of non-neutral members to the arbitration panel, custom in arbitration proceedings dictates that a party may not appoint himself. Cf. Astoria Medical Group v. Health Ins. Plan, 11 N.Y.2d 128, 227 N.Y.S.2d 401, 182 N.E.2d 85 (1962). Since an attorney representing a party is as integrally related to the dispute as the party himself, it is my opinion that the designation of counsel as a representative is as repugnant to the collective bargaining agreement as the self-representation of a party on the arbitration panel. Accordingly, plaintiffs' motion is in all respects denied.

The Court will turn to a consideration of defendants' motion to dismiss the action against the individual defendants.

Section 303(a) of the Act, as amended, 29 U.S.C. § 187(a) (1964), provides that:

"It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, *for any labor organization* to engage in any activity or conduct defined as an unfair labor practice in section 8 (b) (4) [29 U.S.C. § 158(b) (4)] of this Act." (Emphasis added.)

██ Subsection (b) of this section gives to a person injured in his business or property the right of action where he has been injured as a result of a violation of subsection (a). Although it appears that no court has been called upon to resolve the issue in dispute, the Congressional intent is implicit in the language of the section itself: If the offense is committed by a "labor organization" under subsection (a), the right of action under subsection (b) should exist only against such organization since the latter clause allows a suit for damages only for a violation of subsection (a). In other words, if an individual cannot commit a § 303(a) offense, he should not be liable in damages under § 303(b).

Accordingly, I conclude that defendants' contention is correct and the action against the individual defendants Gagliardi and Girardi is dismissed.

The motions are disposed of as indicated herein.

So ordered.