UNIVERSAL COMMUNICATIONS COR-
PORATION, Plaintiff-Appellant,

v.

James C. BURNS, Defendant-Appellee.

No. 71–1289

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1971.

* [1] Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Willis C. Darby, Jr., Thomas E. Twitty, Sr., Inge, Twitty, Duffy & Prince, Mobile, Ala., for plaintiff-appellant.

Jerome A. Cooper, Birmingham, Ala., Cooper, Mitch & Crawford, Birmingham, Ala., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The District Court was correct in declining to remand this case to the state court and in dismissing it, as shown by its order which we append below. The complex regulatory scheme of federal labor law may not be avoided by merely artful pleading of a state cause of action.

Affirmed.

### ORDER ON MOTION TO REMAND AND MOTION TO DISMISS

Universal Communications Corporation (Universal) commenced this action in Mobile County Circuit Court, seeking damages from Burns, an official of Local 1264 of the Electrical Workers Union, for "wrongful conduct and malicious mischief." The basis of the complaint was an alleged attempt by Burns to induce political candidates to boycott WALA–TV, a TV station owned by Universal. Plaintiff alleges that Burns told candidates to advertise on Universal's competitor's station; Burns allegedly told the potential advertisers that the other stations were union, while WALA was not. In actual fact, none of the stations are unionized.

Defendant removed to this court and plaintiff has filed a motion to remand. The defendant seeks to have this court take the case and then dismiss.

Plaintiff in its complaint does not mention either § 303 of the Labor Management Relations Act (29 U.S.C. § 187(b)) or § 8(b) (4) of the Act (29 U.S.C. § 158(b) (4). These two sections together allow employers to sue the union for damages caused by an unfair practice—specifically, boycotts. The question raised by plaintiff's motion to remand is: Does the complaint state a cause of action over which this court has original jurisdiction.

Section 303 of the Labor Management Relations Act gives this court jurisdiction if the complaint states a cause of action under the Act. Universal contends that no federal claim is stated; rather, they urge, the complaint sets out a cause of action under the laws of Alabama exclusively because it is alleged that no labor dispute exists.

If Universal is correct in its assertion that there is no labor dispute, it might be argued that this court lacks jurisdiction. See Linn v. United Plant Guard Workers, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). This court feels, however, that a labor dispute does exist *and that defendant's conduct is protected by the Labor Management Relations Act.* See NLRB v. Roywood Corp., 429 F.2d 964 (decided 5th Cir., July 13, 1970).

Looking only to the complaint on the motion to remand, the court must notice that plaintiff avers that the damage allegedly done by Burns to Universal was telling advertisers that Universal was nonunion while other stations were not. This in and of itself indicates a labor

dispute. Looking beyond the complaint, this court may take judicial notice of the records of this court. Viewed in light of previous litigation in this court, and in the Court of Appeals of this Circuit, cited infra, it is even clearer that the instant controversy is a *labor dispute* and not just a case of "malicious mischief."

From the records of this court the following additional facts are learned:

1. Until 1965 the Electrical Workers Union represented the employees of WALA–TV, then owned by Roywood Corporation. In that year negotiations on the labor contract broke down and the Union struck.

2. In 1967, after replacing the striking workers, WALA–TV secured a representation election. Having been on strike more than one year, the strikers could not vote and the union lost the election.

3. Though they lost the election, the Union continued to picket and urged a boycott of the station. The company filed an unfair labor practice complaint with the NLRB: the Union agreed to stop the picketing, but continued the boycott campaign. This apparently satisfied the Board as they took no further action.

4. The company sued the Union in the Southern District of Alabama under § 303 of the Labor Management Relations Act and was awarded a judgment. Roywood Corp. v. Radio Broadcast Technicians Local Union, 290 F.Supp. 1008 (S.D.Ala.1968).

5. The company also attempted to get a state court injunction against the Union's activities. The state court's injunction was itself enjoined by order of the Fifth Circuit. NLRB v. Roywood Corp., 429 F.2d 964 (decided 5th Cir., July 13, 1970).

6. It was against this background that Universal bought WALA–TV from Roywood in November 1969.

*In light of the above enumerated facts, this court feels that a labor dispute is the basic cause of the present controversy and it has jurisdiction under § 303 of the Labor Management Relations Act.*

█ █ It is no answer that plaintiff did not mention federal labor legislation in his complaint; *federal law has preempted the field except in the few cases which involve labor disputes but which are only "peripheral" concerns of the labor law.* Linn v. United Plant Guard Workers, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966); Pollio & Son, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 242 F.Supp. 684 (S.D.N.Y.1965). *The complaint states a cause of action under the Labor Management Relations Act, but not against a proper defendant, see infra. Even though it might also state a claim under Alabama law, this court may decide the federal issue when, as here, the federal law so completely dominates that it is the only law to be applied in labor controversies affecting commerce.*

Having decided that this cause is one over which this court has original jurisdiction, it follows that the removal was proper.

The court turns now to the motion to dismiss.

█ The complaint in the instant case claims damages from Burns as an individual rather than against the Union; indeed, the plaintiff neither affirms or denies that Burns is even an officer of the Union. Having decided, however, that federal law controls the present controversy, the whole federal law must be applied.

█ Section 303 (29 U.S.C. § 187) of the Labor Management Relations Act gives an employer the right to sue a labor organization for damages occasioned by an unfair labor practice. That right, however, is limited by the provisions of § 301 (29 U.S.C. § 185) of the Act. Among the restrictions found there is one which limits recovery to the Union as an entity and forbids the collection of damages from individual Union mem-

**694**

bers. *This restriction applies even if the claim purports to be based exclusively on state law.* Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

■ Since the federal law controlling the suit forbids awarding the remedy asked for against the named defendant, it follows that plaintiff failed to state a cause of action against a defendant upon which relief may be given.

For the reasons expressed above, plaintiff's motion to remand should be, and the same hereby is, denied. The defendant's motion to dismiss should be, and the same hereby is, granted.

Costs are taxed against the plaintiff.

Done, this the 21 day of November, 1970.

> VIRGIL PITTMAN
> United States District Judge