**OSHKOSH TRUCK CORPORATION, a Domestic Corporation, Plaintiff,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, an unincorporated association, et al., Defendants.**

No. 75-C-18.

United States District Court,
E. D. Wisconsin.

April 25, 1975.

Melli, Shiels, Walker & Pease by Joseph A. Melli and James K. Pease, Jr., Madison, Wis., for plaintiff.

Zubrensky, Padden, Graff & Bratt by George F. Graf, Herbert S. Bratt, Milwaukee, Wis., John A. Fillion, Detroit, Mich., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is the plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) (1970). I conclude that such motion should be granted.

This action was removed from the circuit court of Winnebago County on January 13, 1975. Removal was accomplished after a summons had been served but prior to the existence of a complaint; to date, there has been no complaint filed in this case.

Removal was predicated upon an affidavit submitted by plaintiff's counsel during the state proceedings; such affidavit was submitted for the purpose of obtaining precomplaint discovery pursuant to Wis.Stat. § 887.12(6) (1971).

The issue presented by this motion is whether this case was prematurely removed. In my opinion, the defendant must at least wait until a complaint is in existence before attempting removal.

█ I believe that 28 U.S.C. § 1446(b) implicitly requires that some sort of "initial pleading" be extant before a case is ripe for removal. Section 1446(b) states:

"The petition for removal of a civil action or proceeding shall be filed within thirty days *after the receipt by the defendant, through service or otherwise of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days *after the service of summons upon the defendant if such initial pleading has then been filed in court* and is not required to be served on the defendant, whichever period is shorter." (emphasis added).

The defendants contend that the affidavit of the plaintiff made in connection with the precomplaint discovery request is sufficient to fit the description of an "initial pleading." It is urged that such affidavit, which is required to state "the general nature and object of the action," Wis.Stat. § 887.12(6), has adequately indicated the existence of federal jurisdiction since a claim pursuant to 29 U.S.C. § 187 (1970) has been stated. There is no claim in the removal petition of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

█ In my view, the affidavit made pursuant to Wis.Stat. § 887.12(6) is not an "initial pleading" for purposes of the removal statute. First, Wisconsin defines the complaint as "[t]he first pleading on the part of the plaintiff . . . ." Wis.Stat. § 263.02.

█ Secondly, for purposes of determining jurisdiction based upon federal law (as opposed to diversity of citizenship) it is the complaint which must be the source of the facts imparting jurisdiction. See Columbia Pictures Corp. v. Towne Theatre Corp., 282 F.Supp. 467 (E.D.Wis.1968). See also Peterson v. Brotherhood of Locomotive Firemen & Engineers, 272 F.2d 115, 117 (7th Cir. 1959).

█ Finally, the defendant concedes at page 6 of its brief in opposition to the motion to remand that "portions of the alleged basis for the action may be properly before the State Court." The *Peterson* case, cited earlier, indicates that if relief is available under state and federal law, the plaintiff is free to ignore the federal question. 272 F.2d at 119. In this case, for example, should the plaintiff in its complaint decide not to pursue any claims against the unions, and to seek relief only against the named individuals, then this court would have no jurisdiction based on 29 U.S.C. § 187. Garrison v. International Union of Operating Engineers, Locals Nos. 137, 137A, 137B, 283 F.Supp. 771, 773 (S.D.N.Y.1968).

In short, the formal complaint is the critical source of facts for the assertion of subject matter jurisdiction arising under federal law. Thus, regardless whether a precomplaint affidavit pursuant to Wis.Stat. § 887.12(6) shows the potential for federal jurisdiction, the defendant must wait to see if that potential is reflected in the complaint before removal can be effected.

Removal occurring prior to the existence of an "initial pleading" as required by 28 U.S.C. § 1446(b) is premature and mandates that the motion to remand be granted. Milton A. Jacobs, Inc. v. Manning Manufacturing Corp., 171 F.Supp. 393 (S.D.N.Y.1959).

Therefore, it is ordered that the plaintiff's motion to remand be and hereby is granted.