BROADMOOR HOMES, NORTHERN, a division of Genstar Development, Inc., Plaintiff,

v.

CEMENT MASONS, LOCAL 594, and Paul Rodgers, Defendants.

No. C 80–2712 SW.

United States District Court, N. D. California.

Jan. 22, 1981.

**2.** Plaintiff contends that Tennessee substantive law governs the tort theories advanced by it. This is not the case. Missouri Portland is a Missouri corporation; the contract was drawn up in Missouri; deliveries were to be made from Missouri. Denton is a Michigan corporation performing work in Tennessee. In a diversity action, the choice of law rules of the forum state apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). In *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo.1969), the Supreme Court of Missouri adopted the Second Restatement's "most significant relationship" approach for

choice of law problems in tort. *McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 78, n.11 (8th Cir. 1976). Missouri is the state with the most significant contracts in this dispute.

**3.** It is true that a duty may be imposed by virtue of a *relationship* created by contract (the breach of which may constitute a tort). But when the duty rests upon an express stipulation in the contract, it is a contract question only. *See Otto v. Imperial Casualty & Indemnity Co.*, 277 F.2d 889, 893 (8th Cir. 1960). In the present case, the duty imposed is that expressed in the contract itself.

Littler, Mendelson, Fastiff & Tichy, a Professional Corp., San Francisco, Cal., for plaintiff.

Van Bourg, Allen, Weinberg & Roger, a Professional Corp., San Francisco, Cal., for defendants.

## OPINION AND ORDER GRANTING DEFENDANT PAUL RODGERS' MOTION FOR SUMMARY JUDGMENT

SPENCER WILLIAMS, District Judge.

Plaintiff Broadmoor Homes ("Broadmoor") brought this action pursuant to sections 301 and 303 of the Labor Management Relations Act, 29 U.S.C. § 187. Originally filed against Cement Masons, Local 594 ("Union"), plaintiff's complaint alleges that defendant's peaceful picketing at the Broadmoor Homes construction site constituted an unfair labor practice. On September 17, 1980, this court granted Broadmoor's unopposed motion to amend its complaint naming Paul Rodgers, the Union's business manager, as an additional defendant.

1. Section 303, 29 U.S.C. § 187(b) provides:
   (b) Whoever shall be injured in his business or property by reason or [sic] any violation of

The question presented by this motion is whether the complaint, as amended, may include a claim against Rodgers in his individual capacity. After careful consideration of the briefs and arguments of counsel, affidavits and other supporting evidence in the record, and after a hearing, the court concluded that a cause of action under section 303 does not lie against individual defendants. The following constitutes the reasons for the court's ruling, and its written order thereon.

### LEGAL STANDARDS

The statutory basis of the plaintiff's complaint is that the defendants' conduct was unlawful because it was designed to coerce plaintiff into signing a collective bargaining agreement. Jurisdiction over the alleged unfair labor practices is conferred by section 303 of the Labor Management Relations Act, 29 U.S.C. § 187 which provides that:

(a) It shall be unlawful ... for any *labor organization* to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title. (emphasis added).

Section 303 gives injured persons a cause of action for damages against labor organizations for certain unfair labor practices involving secondary boycotts and jurisdictional disputes. The stated purpose of such section is to keep labor disputes confined to the parties between whom negotiations for settlement should properly take place.

The scope of section 303(a) is expressly circumscribed by 29 U.S.C. § 158(b)(4) which makes it an unfair labor practice for a labor organization to engage in conduct, such as is alleged in the present case, designed to coerce entry into a collective bargaining agreement.

While section 303 gives an employer the right to sue a labor organization for damages, it also imposes the limitations contained in section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[1] Section 301 provides as follows:

subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of

(b) Any *labor organization* . . . may sue or be sued as an entity and in behalf of the employees who it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable *only against the organization* as an entity and against its assets, and *shall not be enforceable against any individual member or his assets.* (emphasis added).

## APPLICATION

The language of section 303 and the cases thereon compel the conclusion that defendant Rodgers cannot be sued properly in his individual capacity.[2] Only two classes of "persons" can commit an unfair labor practice—unions and employers. By its terms, section 303 appears to create a cause of action only against a "labor organization" violating 29 U.S.C. § 158(b)(4).[3]

█ If an individual cannot violate section 303, it would be incongruous to hold an individual liable for such a violation by his labor union. The congressional intent is

implicit in the language of the section itself that if the offense is committed by a "labor organization" under subsection (a), the right of action under subsection (b) should exist only against such organizations.[4] This conclusion is supported by an unbroken string of authorities.[5] While the language of section 301 supports this conclusion, it is not necessary to the result reached in the present case.[6]

The plaintiff has mistakenly relied on an outdated Ninth Circuit case to support its contention that an individual may be sued pursuant to section 303. In *International L. & W. Union v. Hawaiian Pineapple Co.,* 226 F.2d 875 (9th Cir. 1955), *cert. denied,* 351 U.S. 963, 76 S.Ct. 1026, 100 L.Ed. 1483 (1956), the court concluded that an individual could be held liable in an action brought under section 303. The court in *Hawaiian Pineapple* expressly rejected, however, the individual liability theory under section 303 in accord with all authorities. The opinion only recognized a claim against the individual defendants under its pendent jurisdiction.[7]

section 185 (section 301) of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit.

2. *See Universal Communications Corp. v. Burns,* 449 F.2d 691, 693 (8th Cir. 1971); *Bacino v. American Fed. of Mus. of U. S. & Canada,* 407 F.Supp. 548, 551, n.4 (N.D.Ill.1976).

3. *Meier & Puhlmann Furniture Company v. Gibbons,* 233 F.2d 296, 306 (8th Cir. 1956), *cert. denied,* 352 U.S. 879, 77 S.Ct. 101, 1 L.Ed.2d 80.

4. *See Edmund E. Garrison, Inc. v. International Union of Op. Eng.,* 283 F.Supp. 771, 773 (S.D.N.Y.1968).

5. *Universal Communications Corp. v. Burns, supra. Bacino v. American Fed. of Mus. of U. S. & Canada, supra; Hennepin Broadcasting Associates, Inc. v. N.L.R.B.,* 408 F.Supp. 932, 936 (D.Minn.1975); *Oshkosh Truck Corp. v. International Union, etc.,* 67 F.R.D. 122 (E.D. Wis.1975); *Edmund E. Garrison, Inc. v. International Union of Op. Eng., supra.; Morgan Drive Away v. International Brotherhood, Etc.,* 166 F.Supp. 885, 888 (S.D.Ind.1958), *aff'd* 268

F.2d 871 (7th Cir.), *cert. denied* 361 U.S. 896, 80 S.Ct. 199, 4 L.Ed.2d 152 (1959); *Curto v. International Longshoremen's & Warehousemen's Union,* 107 F.Supp. 805 (D.Ore.1952), *aff'd sub nom. International L. & W. Union v. Hawaiian Pineapple Co.,* 226 F.2d 875 (9th Cir.), *cert. denied* 351 U.S. 963, 76 S.Ct. 1026, 100 L.Ed. 1483 (1956); 8 Kheel, Labor Law § 38.01[3], p. 38–28 (1975 ed.); 7 A.L.R.Fed. 767, 775, 818 (1971).

6. *Bacino v. American Fed. of Mus. of U. S. & Canada, supra.* at 552.

7. The court stated:
   As we see it, the gravamen of Pineapple's complaint as submitted to the jury on the individuals was that they violated Section 303 of the Labor-Management Relations Act. That is not to say that the act created any new liability as against individuals. Rather it is a belief that individuals whose conduct meets the tests of Section 303 undoubtedly offend the common law of the state of Oregon . . . and we think the Labor-Management Act did not abolish by implication the common law tort liability of individuals. *Id.* at 883.

The holding in *Hawaiian Pineapple*, even if it is applicable to the instant case,[8] is no longer the law in federal courts because it relies on the continuing existence of independent state court remedies. The United States Supreme Court has subsequently ruled in several cases that independent state court jurisdiction over labor disputes such as that involved in the present case has been preempted by federal legislation.[9] State law, therefore, has been displaced by section 303 in private damage actions based on peaceful union secondary activities. Any conclusion to the contrary in *Hawaiian Pineapple* would be erroneous and inapposite.

■ Broadmoor further contends that if no claim may be stated against Rodgers in his individual capacity, a proper claim lies under a common law conspiracy cause of action. This argument must be rejected because it would conflict with federal labor policy and statutes.

The sections of the Labor Management Relations Act relevant to this case make it fairly obvious that Congress intended to assess liability for peaceful secondary union activity against labor organizations and not against individual members or officers.[10] To allow an action against these individuals on the ground that they "conspired" with the union substantially defeats this legislative intent. Moreover, the aforementioned preemption doctrine is designed to eliminate state causes of action and state remedies, and therefore Broadmoor's common law conspiracy theory must be dismissed.[11]

## ATTORNEY'S FEES

Defendant Rodgers contends that the filing of this amended complaint was made in bad faith and hence the awarding of attorney's fees and costs is appropriate. This court disagrees.

■ A federal court may award attorney's fees in favor of one party and against another, where an unfounded action is brought in bad faith, vexatiously, wantonly, or for oppressive reasons.[12] The court is only entitled to exercise this power in exceptional cases and for dominating reasons of justice.[13]

■ There has been no showing of bad faith or oppressive motives in this case. Broadmoor's lawyer stated in his affidavit that he assumed in good faith that normal principles of joint and several liability applied in a section 303 action. Additionally, the holding of the *Hawaiian Pineapple* case does permit a suit against individuals and the continuing existence of state law remedies had not been heretofore challenged in this context. Finally, attorneys for Rodgers could have mitigated any loss by opposing the motion to amend the complaint. Their failure to do so substantially impairs their claim of irremediable harm and expense caused by the filing of this action.

## CONCLUSION

It is clear from a review of all relevant authorities that a cause of action under section 303 does not lie against individual defendants. However, there is no evidence of bad faith or oppressive motives on the part of the plaintiff. It is therefore ordered that defendant's motion for summary judgment is hereby granted, and the motion for attorney's fees is denied.

8. It is altogether unclear whether diversity exists as between Broadmoor Homes and Rodgers, or whether California law prohibits such labor practices.

9. *Teamsters Union v. Morton*, 377 U.S. 252, 260–61, 84 S.Ct. 1253, 12 L.Ed.2d 280 (1964); *Liner v. Jafco, Inc.* 375 U.S. 301, 306, 84 S.Ct. 391, 392–94, 11 L.Ed.2d 347 (1964); *Sola Electric Co. v. Jefferson Electric Co.*, 317 U.S. 173, 176, 63 S.Ct. 172, 173, 87 L.Ed. 165 (1942).

10. *See note 5, supra.*

11. *See Universal Communications Corporation v. Burns, supra.* at 693–94; *Genesco Inc. v. Joint Council 13, United Shoe Workers of Amer.*, 230 F.Supp. 923, 929–30 (S.D.N.Y.1964), *aff'd*, 341 F.2d 482 (2d Cir. 1965).

12. *Universal Oil Co. v. Root Rfg. Co.*, 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946); *Fairley v. Patterson*, 493 F.2d 598, 605–06 (5th Cir. 1974).

13. 6 Moore's Federal Practice, ¶ 54.77[2], p. 1709 (2d ed. 1972).