SILVER MOTOR FREIGHT TERMINAL, INC., et al., Plaintiffs,

v.

TEAMSTERS LOCAL UNION NO. 957, et al., Defendants.

No. C–3–80–368.

United States District Court, S. D. Ohio, W. D.

March 26, 1982.

James R. Kirkland, Dayton, Ohio, for plaintiffs.

Bruce E. Pence, Sorrell Logothetis, Dayton, Ohio, for defendants.

DECISION AND ENTRY ON PENDING MOTIONS; QUILLEN'S MOTION TO DISMISS ORIGINAL COMPLAINT DEEMED MOOT AND NOT RULED UPON; DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT SUSTAINED IN PART AND OVERRULED IN PART; QUILLEN DISMISSED AS A PARTY DEFENDANT; PLAINTIFFS' MOTION TO FILE A MEMORANDUM SUSTAINED; PROCEDURE SET FOR RULING UPON MOTION TO DISMISS BY DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS; CONFERENCE CALL SET

RICE, District Judge.

This case arises out of efforts, in the latter half of 1979, to unionize a freight hauling company, which said efforts allegedly violated federal and state law. Plaintiffs filed a complaint, and Defendant Wendell Quillen filed a motion to dismiss that complaint (doc. 9). However, Plaintiffs filed a complete amended complaint (doc. 14), by leave of this Court (doc. 12), which contains allegations identical to those found in the original complaint, save for the addition of a ninth count for relief. Defendants have filed motions to dismiss the amended complaint (docs. 17, 18). Accordingly, the motion to dismiss the original complaint is deemed moot and need not be considered by this Court. The Plaintiffs named in the amended complaint include the Silver Motor Freight Terminal, Inc. (Silver), Roger C. Allen and Bessie Allen, the president and secretary-treasurer of Silver, respectively, during the period in question, and Darice Spurlock and Danny Parrish, employees of Silver during the pertinent period. Three Defendants are named in the amended complaint: the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (International), the Teamsters Local Union No. 957 (the Local), and Wendell Quillen, the secretary-treasurer of the Teamsters Local.

Currently pending before this Court is a motion, by Defendants Quillen and the Teamsters Local, to dismiss Counts 3, 4, 6, 7, 8 and 9 of the amended complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, said motion, treated as one to dismiss for lack of subject matter jurisdiction, is sustained in part and overruled in part.

I. ALLEGATIONS IN THE AMENDED COMPLAINT

The pending motion to dismiss (doc. 17) only addresses counts 3, 4, 6, 7, 8, and 9 of the amended complaint. The allegations in said counts will be summarized below.[1]

As previously stated, all the events alleged in the complaint concern efforts by

1. Quillen's current motion to dismiss (doc. 17), in an apparent oversight, fails to request dismissal pursuant to Count 5. His motion to

the Defendants to persuade Silver to enter into a collective bargaining agreement with them, and to encourage employees of Silver to join the Union.

Count Three alleges that Quillen passed out union authorization cards to Silver employees (including Spurlock and Parrish), and made false representations concerning the demands he would make upon Silver, in order to encourage Silver to enter into an agreement. Quillen also allegedly made false promises to Spurlock and Parrish concerning strike benefits and jobs for displaced employees. As a result of these misrepresentations, Spurlock and Parrish are alleged to have signed the cards. Said acts by Quillen and the Teamsters Local are alleged to have violated the "National Labor Relations Act [and] state law." (amended complaint, ¶ 31).

Count Four alleges that Quillen passed out false and misleading strike signs to Silver employees, and caused picketing to be performed in front of the Silver premises. Said acts are alleged to have violated § 8(b)(7) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 158(b)(7).

Count Five alleges that Roger Allen, despite the aforementioned picketing, attempted to deliver freight on his own without the aid of Silver employes. Nevertheless, Quillen and various Silver employees picketed the business where Allen attempted, unsuccessfully, to unload said freight. Said picketing by Defendants is alleged to have violated § 8(b)(4) of the LMRA, 29 U.S.C. § 158(b)(4).

Count Six alleges that Quillen made various malicious and slanderous statements about Roger Allen to Plaintiff Spurlock, in violation of state tort law.

Count Seven alleges that all the named Defendants, jointly and individually, conspired to deprive Plaintiffs Roger Allen and Bessie Allen "of their property rights in violation of the National Labor Relations Act." (amended complaint, ¶ 51).

Count Eight alleges that the malicious threats and harassment of Plaintiffs Roger Allen and Bessie Allen by Quillen caused them to suffer emotional and mental distress, and that Defendants interfered with Plaintiffs' business relationships, in violation of state law.

Finally, Count Nine alleges that, due to the Defendants' actions, Bessie Allen suffered personal injuries when he attempted to personally haul freight.

Plaintiffs Silver and Roger Allen ask for damages in the amount of $500,000 each, while Plaintiffs Bessie Allen, Spurlock and Parrish seek damages in the amount of $100,000 each. Jurisdiction before this Court is asserted pursuant to 28 U.S.C. § 1331, and 29 U.S.C. §§ 158(b), 185 & 187. (amended complaint, ¶¶ 8–9).

## II. DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT IS SUSTAINED IN PART AND OVERRULED IN PART

■ Defendants Quillen and the Teamsters Local Union No. 957 have moved to dismiss the above counts of the amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. While denominated as a Rule 12(b)(6) motion, the Court notes that the reasons set forth in support of said motion challenge this Court's subject matter *jurisdiction*, and do not, strictly speaking, challenge the existence of a federal cause of action under the pertinent statutes. Accordingly, this Court will treat, and dispose of, said motion as one made under Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction), not Rule 12(b)(6). *See, Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir.), *cert. denied*, —— U.S. ——, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) (distinguishing Rule 12(b)(1) motions from Rule 12(b)(6) motions). So treating the motion

dismiss similar allegations in the original complaint (doc. 9) was not so limited. Hence, this Court will construe Quillen's current motion to dismiss as pertaining to *all* the applicable counts, since the motion, and accompanying

memorandum, when read as a whole, go to all the counts alleging misdeeds by him. If this Court is incorrect in this assumption or construction, it should be immediately so advised.

to dismiss, the Court addresses the grounds advanced by Defendants in support of their motion, by considering each count in the amended complaint seriatim.

## A. COUNT 3

**1.** *This Court Lacks Jurisdiction over Defendant. Quillen with Respect to Alleged Violations of the LMRA*

The individual Defendant Quillen asserts that this Court lacks jurisdiction over him with respect to the alleged violations of the LMRA set forth in Count 3. Defendant advances his theory by focusing on the language of the jurisdictional provisions cited by Plaintiffs. Under § 301(a) of the LMRA, 29 U.S.C. § 185(a), individuals can bring suit for violations "of contracts between an employer and a labor organization...."[2] Under § 303 of the LMRA, 29 U.S.C. § 187, suit may be brought against "any labor organization" which commits certain unfair labor practices.[3] In the case herein, Defendant Quillen argues, neither provision permits Plaintiffs to sue him.

Defendant Quillen's arguments are well taken. Plaintiffs herein do not purport to be suing for breach of any contract between Silver and a union, thus foreclosing any suit under § 301(a). Similarly, it is well settled that the express terms of § 303 only permit suit against a union, *not* an individual. *See Broadmoor Homes, Northern v. Cement Masons, Local 594, supra,* 507 F.Supp. 55, 56–57 (N.D.Cal.1981); *Oshkosh Truck Corp. v. Int'l. Union,* 67 F.R.D. 122, 123 (E.D.Wis. 1975). Thus, Plaintiffs cannot sue an individual union member, such as Quillen, under § 303.[4] For this reason, Quillen likewise cannot be sued for the federal law violations alleged in Counts 4, 5, & 7.

**2.** *This Court Lacks Jurisdiction Over Defendant Teamsters Local with Respect to Alleged Violations of the LMRA*

Defendant Teamsters Local argues that, for two reasons, the allegations of LMRA violations set forth in Count 3 are not cognizable in this Court. First, said violations are not subject to suit under either § 301 or § 303. Second, the jurisdiction of this Court to hear said violations would, in any event, be pre-empted by the

---

**2.** Section 301 states, in pertinent part:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or its assets.

29 U.S.C. § 185(a)–(b).

**3.** (a) It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.

(b) Whoever shall be injured in his business or property by reason or any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit.

29 U.S.C. § 187.

**4.** Plaintiffs' complaint also states that jurisdiction is predicated on 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It is doubtful that the citation of § 1331 adds anything to Plaintiffs' complaint, since 29 U.S.C. §§ 185 & 187 are also, in effect, jurisdictional grants. Plaintiffs have not set forth any statute, or any legal theory, and this Court cannot discern any, which would enable Quillen to be sued under § 1331, absent jurisdiction under 29 U.S.C. §§ 185 & 187.

exclusive jurisdiction of the National Labor Relations Board.

The first reason advanced by Defendant is well taken, and is dispositive. Therefore, the second reason need not be addressed. As stated above, the absence of an allegation of a breach of a labor contract in the case herein precludes the assertion of jurisdiction pursuant to § 301. Under the express terms of § 303, suit must be brought for an alleged violation of § 158(b)(4) [hereinafter referred to as § 8(b)(4)] of the LMRA. *See* footnote 3, *supra.* Section 8(b)(4) makes it an unfair labor practice for a union to, *inter alia*, engage in "secondary picketing." [5]

Count 3 sets forth alleged misrepresentations concerning authorization cards and the efforts of Quillen to unionize Silver employees. The count only states that those acts violated "the National Labor Relations Act [and] state law." However, as Defendant points out, § 8(b)(1) of the LMRA, 29 U.S.C. § 158(b)(1), *not* § 8(b)(4), prohibits labor unions from coercing employees in the exercise of their rights to organize, or not to organize. Any violations of said rights of employees must be predicated on § 8(b)(1), not on other provisions of the LMRA. *See, e.g., NLRB v. Gissel Packing Co.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969) (misrepresentations concerning authorization cards violated § 8(a)(1), employer analogue to § 8(b)(1)). Hence, the only statutory provision which the Teamsters Local could have violated under Count 3 is § 8(b)(1). Since § 8(b)(1)

is not cited in § 303, Defendant Teamsters Local must be dismissed from Count 3, to the extent that it purports to hold Defendant liable for violations of the LMRA.

3. *Defendant Quillen is Not Subject to Pendent Party Jurisdiction; Plaintiffs Spurlock and Parrish are Subject to Pendent Party Jurisdiction.*

As set forth above, Defendant Quillen is not subject, under Count 3, for federal law violations pursuant to §§ 301 and 303 of the LMRA. For identical reasons, as will be set forth below, Quillen is not subject for federal law violations under Counts 4, 5, & 7. It is still alleged, however, that he is liable for state law claims under Counts 3, 6, 8, and 9 of the amended complaint. Similarly, Plaintiffs Spurlock and Parrish are only alleged to have been damaged by the acts set forth in Count Three. Since they have no federal claim under that Count, they can only sue the remaining Defendants for state law claims.

With neither diversity jurisdiction nor any other independent basis of federal jurisdiction being alleged, Defendant Quillen can only be sued in this action, and Plaintiffs Spurlock and Parrish can only bring suit, under the doctrine of pendent *party* jurisdiction. A "pendent party" involves the addition of a party who or which is implicated in the litigation only with respect to the pendent state law, and *not* also with respect to any claim as to which there

---

**5.** Section 8(b)(4) states, in pertinent part:

(b) It shall be an unfair labor practice for a labor organization or its agents—

(4)(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

(A) forcing or requiring any employer or self-employed person to join any labor or employer organization or to enter into any

agreement which is prohibited by subsection (e) of this section;

(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title: *Provided,* That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing; 29 U.S.C. § 158(b)(4)(A)–(B).

is an independent basis of federal jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 713, 93 S.Ct. 1785, 1797, 36 L.Ed.2d 596 (1973).

 Said doctrine is a variant of the more traditional doctrine of pendent jurisdiction. Under the latter doctrine, a Plaintiff will, typically, assert state law claims against a Defendant already being sued on a federal claim. For state law claims to be cognizable under a federal court's pendent jurisdiction, a court must have *power* over the state law claims, and must exercise its *discretion* to entertain said claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A court has power if the federal claim will confer subject matter jurisdiction on the court, if the federal and state claims "derive from a common nucleus of operative fact," and if the "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138. If power is found to exist, a number of facts guide the court's discretion, including judicial economy, convenience and fairness to the litigants, whether the state issues predominate, and if there is a likelihood of jury confusion in treating divergent theories of legal relief. *Id.* at 726–27, 86 S.Ct. at 1139.

The "power" analysis, however, is slightly more complicated when a pendent *party*, rather than a mere pendent *claim* against a party already being sued on a federal claim, is sought to be joined. The relevant analysis is set forth in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). In that case, a plaintiff sued certain government officials and a county under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3). At the time, a county could not be sued under § 1983, but the plaintiff sought to join the county as a defendant for state law claims, as a pendent *party*. The Court held that joining a pendent party, as compared to merely joining a pendent *claim*, presents significant differences from the *Gibbs* analysis. *Id.* at 14–16, 96 S.Ct. at 2420–2421. Specifically, the Court held that the relevant statutory grant of jurisdiction must be examined to determine if Congress intended to exclude a particular party over whom pendent jurisdiction is sought. *Id.* at 16–17, 96 S.Ct. at 2421. Since counties, at the time, were not subject to suit under § 1983, the Court concluded that the county could not be joined as a pendent party in the § 1983 action against the individual Defendants. *Id.* at 17, 96 S.Ct. at 2421. The Court added that:

There are, of course, many variations in the language which Congress has employed to confer jurisdiction upon the federal courts, and we decide here only the issue of so-called "pendent party" jurisdiction with respect to a claim brought under §§ 1343(3) and 1983. Other statutory grants and other alignments of parties and claims might call for a different result. When the grant of jurisdiction to a federal court is exclusive, *for example*, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together. As we indicated at the outset of this opinion, the question of pendent-party jurisdiction is "subtle and complex," and we believe that it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction.

*Id.* at 18, 96 S.Ct. at 2422 (emphasis in original, footnote omitted).

 A similar situation to the *Aldinger* case is presented in the case herein, with respect to Plaintiffs' claims against Defendant Quillen. Plaintiffs are suing the Teamsters Local (and the remaining Defendant not a party to the motion herein) on the basis of § 303 of the LMRA. That section, as stated above, specifically excludes individuals from being sued, manifesting a congressional intent not to permit individuals to be joined as pendent parties in § 303 actions. Moreover, § 303(b), by its terms, is *not* an exclusive grant of jurisdiction to federal courts. *Teamsters Local 20 v. Morton*, 377 U.S. 252, 258–59 n.13, 84 S.Ct. 1253, 1257–1258 n.13, 12 L.Ed.2d 280 (1964).

Thus, in theory, Plaintiffs could sue Quillen in state court on their state claims and join § 303 claims in said action. It would not be a situation where, in the words of *Aldinger*, "*only* in a federal court may all of the claims be tried together." 427 U.S. at 18, 96 S.Ct. at 2422 (emphasis in original, footnote omitted). Accordingly, having applied the *Aldinger* analysis, this Court is in agreement with those judicial and academic authorities which hold that an individual Defendant cannot be sued for state law claims as a pendent party in a § 303 action. *See Pedro v. Teamsters Local 490*, 509 F.Supp. 83, 84–86 (N.D.Cal.1981); Note, *Aldinger v. Howard and Pendent Jurisdiction*, 77 Colum.L.Rev. 127, 149–50 (1977).

 A different result obtains, however, for joining Spurlock and Parrish as pendent parties. It is settled that individuals can sue as *plaintiffs* in § 303 actions, though not be sued as defendants. *Wells v. Operating Engineers, Local 181*, 303 F.2d 73, 75 (6th Cir. 1962). There is thus no congressional intent, under § 303, to exclude individuals as Plaintiffs. In addition, it will not be an instance of bringing an unwilling party into federal court, since Spurlock and Parrish are, of course, plaintiffs. *Huebner v. Ochberg*, 87 F.R.D. 449, 455 (E.D.Mich. 1980). While Defendant Teamsters Local is not liable for suit under the federal claims in Count 3, it still is subject to federal claims set forth in Counts 1 and 2 (counts not addressed by the present motion to dismiss), as well as federal claims advanced in Counts 5 and 7 (see below). Hence, the *Aldinger* analysis does not compel the dismissal of Plaintiffs Spurlock and Parrish with respect to their state law claims in Count Three. Having found the "power" to assert jurisdiction over said Plaintiffs, it also appears that it is proper for this Court to exercise its discretion to hear said claims, since the allegations in the amended complaint clearly indicate that the federal and state claims arise from a common nucleus of operative facts, and there is no indication that state law issues will predominate, or that there will be unfairness to the litigants or jury confusion.

Accordingly, Defendant Quillen is dismissed as a pendent party to Count 3 (as well as to Counts 6, 8, and 9 as outlined below) but Plaintiffs Spurlock and Parrish, with respect to the state law claims advanced in Count 3, are not so dismissed as pendent parties.[6]

### B. COUNT 4: NO JURISDICTION OVER QUILLEN OR TEAMSTERS LOCAL; COUNT 4 DISMISSED

 Count 4 expressly states that Defendants violated § 8(b)(7) of the LMRA. Based on the analysis outlined *supra* with respect to Count 3, Quillen cannot be sued for LMRA violations under Count 4. Similarly, a labor organization can only be sued under § 303 for violations of § 8(b)(4), *not* § 8(b)(7). Thus, the Teamsters Local also cannot be sued for the allegations advanced in Count 4. Accordingly, Count 4 must be, and is, dismissed in its entirety.

### C. COUNT 5: NO JURISDICTION OVER QUILLEN; JURISDICTION RETAINED OVER TEAMSTERS LOCAL; QUILLEN DISMISSED AS PARTY TO COUNT 5

 Count 5 alleges that picketing by the Defendants violated § 8(b)(4) of the LMRA. Again, based on the analysis outlined *supra* with respect to Count 3, Quillen cannot be sued under Count 5, to the extent that the latter count alleges that he violated LMRA provisions. However, Defendant Teamsters Local *can* be sued under Count 5, and Defendant does not contend otherwise. Quillen is dismissed as a party Defendant to Count 5.

**6.** Plaintiffs argue that the Sixth Circuit has adopted the doctrine of pendent party jurisdiction in full, without the restrictions set forth in *Aldinger*, citing *F. C. Stiles Contr. Co. v. Home Ins. Co.*, 431 F.2d 917, 919 (6th Cir. 1970). *Stiles*, however, was cited by the lower court in *Aldinger* as authority for the position which the Supreme Court ultimately rejected, *see* 513 F.2d 1257, 1261 n.2 (9th Cir. 1975), *aff'd*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and thus cannot be regarded as good authority. While no post-*Aldinger* Sixth Circuit decision has addressed the scope of pendent party jurisdiction, *see Huebner v. Ochberg, supra*, 87 F.R.D. at 454–55, it is clear that the *Aldinger* analysis is applicable in this Circuit and supercedes the *Stiles* decision. *Id.*

### D. COUNT 6: WITH NO PENDENT PARTY JURISDICTION OVER QUILLEN, COUNT 6 IS DISMISSED

█ Count 6 of the amended complaint alleges that Quillen made malicious and slanderous statements about Roger Allen to Spurlock. Defendants assert, for various reasons, that Count 6 is inadequately pleaded. The Court need not reach this question, since only Quillen, not the other Defendants, is alleged to be liable for the acts set forth in Count 6. As previously set forth, Quillen is no longer a party defendant in this case for any federal or state law claims. Accordingly, Count 6 must be, and is, dismissed in its entirety.

### E. COUNT 7: QUILLEN DISMISSED AS PARTY DEFENDANT WITH RESPECT TO COUNT 7

█ Count 7 alleges that the named Defendants conspired, in violation of the National Labor Relations Act, to deprive Plaintiffs Roger Allen and Bessie Allen of their property rights. Based on the analysis with respect to Count 3, *supra*, Quillen cannot be sued for LMRA violations under the statutory provisions cited in the amended complaint. It follows that Quillen cannot be sued for conspiring to commit said violations. *Broadmoor Homes, Northern v. Cement Masons, Local 594, supra,* 507 F.Supp. at 58. Accordingly, Quillen is also dismissed from Count 7. Under the present state of the pleadings, two Defendants remain under Count 7 (including the Defendant International not a party to the motion herein), and a conspiracy may be alleged with respect to them. Thus, Defendant Teamsters Local is not dismissed, at this time, with respect to Count 7.

### F. COUNTS 8 AND 9: COGNIZABLE IN THIS SUIT AS PENDENT STATE LAW CLAIMS, BUT DISMISSED WITH RESPECT TO QUILLEN; QUILLEN DISMISSED AS PARTY DEFENDANT TO COUNTS 8 AND 9

█ The last two counts in the amended complaint set forth various state law claims. Count 8 alleges that Quillen made malicious threats to Roger Allen and Bessie Allen, and that the Defendants interfered with Plaintiffs' business relationships. Count 9 alleges that Defendants' actions caused Bessie Allen to suffer injuries when she attempted to haul freight.

First, for the aforestated reasons, Quillen cannot be sued as a pendent party in this action, and, accordingly, he must be, and is, dismissed from Counts 8 and 9. Second, Defendant Teamsters Local argues that the state claims set forth in Counts 8 and 9 should not be joined as pendent claims in this suit. Said argument is not well taken. Applying the aforementioned criteria from *United Mine Workers v. Gibbs,* said claims do arise from the same nucleus of operative facts as do the federal claims involving picketing, and involve the same parties and events in the same time period. Thus, this Court has the power to hear said claims, and exercises its discretion to hear the same. Accordingly, Counts 8 and 9 are joined as pendent claims in this action.

### G. PLAINTIFFS SPURLOCK AND PARRISH ARE NOT MISJOINED AS PARTIES

█ Finally, Defendants argue that Plaintiffs Spurlock and Parrish have been improperly and collusively joined in this action, violative of 28 U.S.C. § 1359. Section 1359 states that:

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

However the burden of proof on this issue is framed, *cf. Fowler v. Coals,* 418 F.Supp. 909 (E.D.Tenn.1976) (burden is on party seeking to invoke jurisdiction to prove that a party was not collusively joined) *with Duffy v. Currier,* 291 F.Supp. 810, 812 (D.Minn.1968) (burden is on party asserting collusion to prove it), it is clear that there is no violation of § 1359. As set forth above,

Plaintiffs Spurlock and Parrish are pendent parties for the limited purpose of advancing state law claims under Count 3 of the amended complaint. There is simply no indication that they were, or are, collusively joined as parties in this action. Accordingly, said Plaintiffs will not be dismissed pursuant to 28 U.S.C. § 1359.

### III. CONCLUSION

For the aforestated reasons, Defendants' motion to dismiss the amended complaint is sustained in part and overruled in part. With respect to each count, the Court's ruling is as follows:

Count 3: Quillen dismissed on federal claim and as pendent party, and Teamsters Local dismissed on federal claim; Spurlock and Parrish retained as Plaintiffs on state law claims (fraud);

Count 4: Dismissed in its entirety;

Count 5: Quillen dismissed; other Defendants retained on Federal claim;

Count 6: Dismissed in its entirety;

Count 7: Quillen dismissed; other Defendants retained on federal conspiracy claim;

Count 8: Quillen dismissed; other Defendants retained on state law claim (interference with business relationships);

Count 9: Quillen dismissed; other Defendants retained on state law claim.

In a letter dated January 12, 1981, this Court informed the attorneys in this action that Plaintiff would be permitted 28 days, after the ruling on the motion herein, to file a memorandum in opposition to the motion to dismiss the amended complaint by Defendant International Brotherhood of Teamsters (doc. 18). Accordingly, Plaintiffs' motion to file said memorandum (doc. 20) is sustained. This Court will rule on Defendant's motion to dismiss, as expeditiously as possible, after said memorandum is received by this Court.