**Alicia BATTLE, Plaintiff,**

v.

**PARK GERIATRIC VILLAGE NURSING FACILITY, Jimmy Bortz, Debra Haggert, Katherine Hubbell, Sherry Johnson, Nursing and Convalescent Home Employees Division of Local 79 S.E.I.U. AFL–CIO, Lena Keaton, and Mayva Jackson, Jointly and Severally, Defendants.**

Civil Action No. 96–40292.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 4, 1996.

Ena L. Weathers, Herbert A. Sanders Assoc., Detroit, MI, for Mayva Jackson.

Donald A. Gilbert, Masud and Gilbert, P.C., Saginaw, MI, for Sherry Johnson.

Brian E. Muawad, St. Clair Shores, MI, for Alicia Battle.

### SUA SPONTE ORDER OF REMAND

GADOLA, District Judge.

The plaintiff filed a complaint with the Circuit Court for the County of Wayne, Michigan on June 25, 1996, alleging fourteen counts against the defendants based on a series of events which allegedly resulted in her termination on May 29, 1994 and a criminal bench trial thereafter. Count I alleges "discrimination based upon national origin, race and age." Count II alleges "breach of contract." Count III alleges "disclosure of information, false light." Count IV alleges "malicious prosecution, false arrest." Count V alleges "interference with a contractual business relationship." Count VI alleges "abuse of process." Count VII alleges "misrepresentation." Count VIII alleges "negligent and intentional infliction of emotional distress." Count IX alleges "negligence." Count X alleges "breach of fiduciary obligation." Count XI alleges "discrimination." Count XII alleges "defamation, libel and slander." Count XIII alleges "damages." Count XIV alleges "vicarious liability." Because counts II, IX, X, and XI of that complaint assert claims which substantially depend on interpretation of a collective bargaining agreement, the defendants properly filed a petition to remove the action to this court on August 12, 1996.

This court will, however, exercise the discretion conferred under section 1441(c) to remand all of the matters contained in the June 25, 1996 complaint, including the federal question. Section 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, **or, in its discretion, may remand all matters in which State law predominates.** (emphasis added).

■ The 1990 amendments to section 1441(c) evince a Congressional intent to restrict the removal jurisdiction of the federal courts. *Peoples National Bank v. Darling,* 1991 WL 45716 (D.Kan.1991) (citing *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 10–14, 71 S.Ct. 534, 538–40, 95 L.Ed. 702 (1951) for the proposition that Congress enacted § 1441(c) in order to restrict removal jurisdiction).[1] Indeed, the amended language has brought about two significant changes in removal jurisdiction. First, only separate and independent claims brought under 28 U.S.C. § 1331 (federal question jurisdiction) will support removal of an entire case. Accordingly, where this court only has diversity jurisdiction over the separate and independent claims, section 1441(c) will not support removal of the entire action. *Id.* Second, section 1441(c) gives this court the discretion to remand the entire case to state court where state law predominates, even though federal question jurisdiction would have existed if the action were brought originally. *Holland v. World Omni Leasing, Inc.,* 764 F.Supp. 1442, 1443–44 (N.D.Ala. 1991) (construing "matters" in the amended language of § 1441(c) to include all "claims," including the federal ones).

■ Because some of the claims asserted in the plaintiff's June 25, 1996 complaint require the interpretation of a collective bargaining agreement, those claims are preempted by § 301 of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185(a)[2] and necessarily raise questions of federal law. *See International Brotherhood of Electrical Workers v. Hechler,* 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987).[3] However, counts I, III, IV, V, VI, VII, VIII, XII, XIII, XIV of the June 25, 1996 complaint are premised entirely on Michigan state law. As such, this court finds that state law claims predominate in this matter. Accordingly, this court will remand the entire action to the Wayne County Circuit Court.

**THEREFORE, IT IS HEREBY OR-DERED** that this action is **REMANDED** to the Circuit Court for the County of Wayne, Michigan, as this claim involves matters in which state law predominates.

*SO ORDERED.*

---

1. Formerly, section 1441(c) read as follows:
   Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, **or, in its discretion, may remand all matters not otherwise within its original jurisdiction.** (emphasis added).

2. Section 301 of the LMRA, which preempts any state law claims that require analysis of a collective bargaining agreement, provides in relevant part:
   Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court having jurisdiction of the parties.... 29 U.S.C. § 185(a).

3. It should also be noted that Federal Courts do not have exclusive jurisdiction to hear claims arising under § 301 of the LMRA. Instead, concurrent jurisdiction over LMRA causes of action exists. *See Harris v. Edward Hyman Co.,* 664 F.2d 943, 944 n. 2 (5th Cir.1981); *Ogden v. Michigan Bell Telephone Co.,* 595 F.Supp. 961, 967 (E.D.Mich.1984); *Silver Motor Freight Terminal, Inc. v. Teamsters Local Union No. 957,* 537 F.Supp. 188, 194 (S.D.Ohio 1982). *But see Harper v. TRW, Inc.,* 881 F.Supp. 294, 299 (E.D.Mich.1995).