**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ELECTRA–FOOD MACHINERY, INC., Respondent.**

No. 79–7316.

United States Court of Appeals, Ninth Circuit.

June 16, 1980.

Joseph Ferrara, N.L.R.B., Washington, D. C., argued for petitioner; Carol A. De Deo, N.L.R.B., Washington, D. C., on brief.

Kenneth M. Simon, Los Angeles, Cal., for respondent.

Before CHAMBERS, PECK *, and ANDERSON, Circuit Judges.

JOHN W. PECK, Circuit Judge.

In this action we are asked to enforce an order issued by the National Labor Relations Board on May 2, 1979, against Electra-Food Machinery, Inc. ("the Company"). The Board's decision and Order is reported at 241 NLRB No. 194 and jurisdiction is based upon Section 10(e) of the National Labor Relations Act, as amended (29 U.S.C. §§ 151, et seq.); the unfair labor practice found by the Board occurred within the State of California.

The Company, a California corporation, manufactures food processing equipment at El Monte, California, and on October 27, 1977, Sheet Metal Workers' International Association, Local No. 75, AFL–CIO ("the Union") filed a representation petition requesting certification as the bargaining representatives of the employees at the El Monte plant. In due course, an election was held which was won by the Union and on January 4, 1978, the Regional Director certified the Union as the employees' bargaining representative.

Following the certification, negotiations for a collective-bargaining agreement were entered into and on September 6, 1978, the Company made a final offer of a complete bargaining agreement which covered wages, hours, and working conditions, and provided for an open shop. This offer was accepted by the Union which thereupon requested that the Company execute a written contract which embodied the terms agreed upon. The Company refused to execute a contract, and as the Company frankly states in its brief, "[t]he sole basis of the Company's refusal was its allegation that the Union's Constitution prohibited the Union from entering into a collective-bargaining agreement providing for an open shop. . . . "

---

* Honorable John W. Peck, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

The Union thereupon filed an unfair labor practice charge alleging that the Company had refused to bargain in good faith in violation of Section 8(a)(5) of the Act by "failing to execute a contract upon which there was oral agreement." On May 2, 1979, the Board granted the General Counsel's motion for summary judgment and issued the Decision and Order hereinabove referred to.

The Company's basic contention is that the summary judgment was legally and factually barred because (1) substantial and material issues of fact were outstanding which required determination as a condition to any finding that it is guilty of the unfair labor practice alleged, and because (2) the agreement which the Board order compels the Company to sign is not valid and cannot therefore properly be enforced by the Board or this Court. We disagree.

■ As we have stated, the Company unequivocally sets forth in its brief that "the *sole*" basis for its refusal to sign the agreement was the inclusion therein of the open shop clause. In view of this concession, the Company will not now be heard to contend that no agreement had been finally reached as to a miscellany of contractual provisions, and that the absence of such agreement prevented the case from being in proper posture for summary judgment. In determining whether an underlying oral agreement has been reached, the Board is not strictly bound by the technical rules of contract law but is free to use general contract principles adapted to the collective bargaining context. *Lozano Enterprises v. N.L.R.B.*, 327 F.2d 814, 818–819 (9th Cir. 1964); *N. L. R. B. v. Donkins' Inn, Inc.*, 532 F.2d 138, 141–142 (9th Cir.), *cert. denied*, 429 U.S. 895, 97 S.Ct. 257, 50 L.Ed.2d 179 (1976). Thus, acceptance of a final offer of a complete bargaining agreement manifests mutual assent, creating a binding bargaining agreement, and therefore triggers the duty to execute a written contract on request embodying that agreement. *N.L.R.B. v. H. Koch & Sons*, 578 F.2d 1287, 1288–1291 (9th Cir. 1978). And it is well settled that the obligation to bargain in good faith,

as defined by Section 8(d) of the Act, includes the obligation to execute a written contract on request embodying an oral collective-bargaining agreement reached between an employer and its employees' bargaining representative and that the failure to execute such a contract violates Sections 8(a)(5) and (1). *N. L. R. B. v. Strong*, 393 U.S. 357, 361, 89 S.Ct. 541, 544, 21 L.Ed.2d 546 (1969); *H. J. Heinz Co. v. N. L. R. B.*, 311 U.S. 514, 523–526, 61 S.Ct. 320, 324–326, 85 L.Ed. 309 (1941); *N. L. R. B. v. H. Koch & Sons, supra*, 578 F.2d at 1290–1291; *N. L. R. B. v. Donkins' Inn, Inc., supra*, 532 F.2d at 142.

■ In holding that the case was in proper posture for summary judgment disposition, we have relied in part on the fact that the Company did not contest the essentially factual issue of whether the final offer had been accepted, but rather interposed the affirmative legal defense that the Union's Constitution precluded the accepted offer from constituting a binding agreement. However, internal union matters, including the provision of a Union's Constitution, cannot relieve an employer from its bargaining duty or affect the validity of collective-bargaining agreements. *See N. L. R. B. v. Cheese Barn, Inc.*, 558 F.2d 526, 529–530 (9th Cir. 1977), *enforcing*, 222 NLRB 418, 419–420 (1976); *accord: Houchens Market of Elizabethtown, Inc. v. N. L. R. B.*, 375 F.2d 208, 211–212 (6th Cir. 1967); *N. L. R. B. v. M & M Oldsmobile, Inc.*, 377 F.2d 712, 714–717 (2d Cir. 1967), *enforcing*, 156 NLRB 903, 905–906 (1966). The policy engendered by these decisions promotes and encourages stability in collective bargaining by removing from the bargaining area collateral issues which would otherwise themselves become the source of dispute and litigation. *See M & M Oldsmobile, Inc., supra*, 156 NLRB at 905–906.

■ It would seem to be self-evident that the interpretation of a union's own constitution represents virtually the ultimate in internal affairs, and the impropriety of permitting critical examination, by employers or any other outsiders must be considered offensive. *See generally, Stelling v. I. B. E.*

*W.*, 587 F.2d 1379, 1388–1389 (9th Cir. 1978), *cert. denied, Darby v. I. B. E. W.*, 442 U.S. 944, 100 S.Ct. 192, 62 L.Ed.2d 124 (1979); *Vestal v. Hoffa*, 451 F.2d 706, 709 (6th Cir. 1971), *cert. denied*, 406 U.S. 934, 92 S.Ct. 1768, 32 L.Ed.2d 135 (1972); *Adams Potato Chips, Inc. v. N. L. R. B.*, 430 F.2d 90, 92 (6th Cir. 1970), *cert. denied*, 401 U.S. 975, 91 S.Ct. 1194, 28 L.Ed.2d 324 (1971).

Although unnecessary to our decision, it is noted that the constitutional clause relied upon by the Company does not expressly prohibit contracts containing open shop clauses, but merely implies that agreements containing such provisions shall prevent the affected shop from being "considered 'Union'." The self-serving interpretation which the Company has seen fit to apply to this provision will not be permitted to constitute a defense to the charge that it has not bargained in good faith.

ENFORCED.