**PARK ELECTRIC COMPANY, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 701, AFL–CIO, a labor organization, Jerry O'Connor, individually and as business agent for Local 701 and Robert Ryan, individually and as business agent for Local 701, Defendants.**

No. 81 C 6577.

United States District Court,
N. D. Illinois, E. D.

June 18, 1982.

E. Allan Kovar, Henry W. Sledz, Jr., Kovar & Smetana, Chicago, Ill., for plaintiff.

Marc M. Pekay, Charles A. Linn, Arnold & Kadjan, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before the Court on defendants' motion to dismiss plaintiff's complaint, or, in the alternative, for a more definite statement. F.R.Civ.P. 12(b)(6), 12(e).

On November 24, 1981, the plaintiff, Park Electric Company, filed a three-count complaint against the defendants, Local 701 of the International Brotherhood of Electrical Workers (I.B.E.W.) and two of its business agents, Jerry O'Connor and Robert Ryan.

Count I of the complaint alleges that the defendants engaged in an illegal secondary boycott in violation of § 8(b)(4) of the National Labor Relations Act (N.L.R.A.), 29 U.S.C. § 158(b)(4). Count II alleges that the defendants and co-conspirators combined to restrain and monopolize trade and commerce in violation of the Sherman and Clayton Acts, 15 U.S.C. §§ 1, 2 and 4. Finally, Count III alleges that the defendants have tortiously interfered with the plaintiff's contractual relationship with a third party, in violation of Illinois common law.

The defendants first argue that Count I of the complaint, charging an unfair labor practice under § 8(b)(4) of the N.L.R.A. and thus a violation of § 303 of the Act, fails to state a cause of action under § 303 against the individual business agents, O'Connor and Ryan. The Court agrees that § 303 only prohibits a "labor organization" from engaging in any conduct or activity that is defined as an unfair labor practice. The acts of an individual union member are not regulated by § 303. *Broadmoor Homes v. Cement Masons Local 594*, 507 F.Supp. 55, 57 (N.D.Cal.1981); *Bacino v. American Fed. of Musicians*, 407 F.Supp. 548, 551 (N.D.Ill.1976). Therefore,

the individual defendants must be dismissed from Count I of the complaint.[1]

█ Next, the union argues that Count I of the complaint must be dismissed as to it as well. It is claimed that this count is bereft of factual content and contains mere conclusionary statements, thus requiring it to be dismissed for failure to state a claim upon which relief may be granted. F.R. Civ.P. 12(b)(6). While the complaint states that the defendants encouraged others to strike in an attempt to coerce a general contractor to stop doing business with the plaintiff (Complaint, Paragraphs 9–10), the defendants maintain that, because there are no allegations as to any specific acts which demonstrate this coercion, the complaint is fatally defective. This Court believes that plaintiff's complaint fully complies with the notice pleading requirements of F.R.Civ.P. 8(a) as interpreted by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (Rule 8(a) requires only that defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests.") A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Ashbook v. Hoffman*, 617 F.2d 474, 475 (7th Cir. 1980). The defendants' argument is thus without merit, as the Federal Rules do not require a claim-ant to set out in detail the facts upon which he bases his claim. The burden of filling in details and other relevant facts, such as specific acts of coercion or threats, can be left to discovery and other pretrial procedures. *Conley* 355 U.S. at 47–48, 78 S.Ct. at 102–103; *Roberts v. Acres*, 495 F.2d 57, 58–59 (7th Cir. 1974). For the foregoing reasons, the defendants' motion to dismiss Count I is denied.

█ The same factors compel denial of defendants' motion to dismiss Count II's conspiracy claim. Under Rule 8(a) a claim of conspiracy, like any other, requires only a "short and plain statement" of the charge.

Nonetheless, this Court does not believe that plaintiff's complaint, which contains a bare allegation of the existence of a conspiracy, should be allowed to stand as is. The defendants have correctly noted that the complaint does not specifically name a party to the conspiracy, other than the defendants, and that all alleged acts were those of the defendants alone. Thus, despite the plaintiff's claim of an alleged conspiracy with unnamed "union contractors in the Chicago suburban area," the defendants are entitled to more specific information on the basis of which they may draft an answer.

This Court believes that the above-mentioned deficiency is appropriately handled by means of defendants' motion under F.R. Civ.P. 12(e), rather than Rule 12(b)(6).[2] *See*

---

1. The plaintiff suggests that the individual defendants not be dismissed because this Court could conceivably grant relief other than monetary damages, such as injunctive relief. However, the plaintiff is incorrect for two reasons. First, as noted before, § 303 does not allow a cause of action for *any* type of relief against an individual union member. Secondly, assuming arguendo that a cause of action were to exist, § 303 does not authorize this Court to grant any relief other than damages. Injunctive relief can be obtained only upon application to an officer or regional attorney of the National Labor Relations Board. *See* 29 U.S.C. § 160(*l*).

2. The rule in the Seventh Circuit is unclear on this issue. More stringent pleading requirements have been imposed on litigants who have brought claims under 42 U.S.C. § 1983 alleging the existence of a conspiracy between private and public actors to deprive those liti-gants of their constitutional rights. Pleadings found to fall short of these requirements have been dismissed pursuant to F.R.Civ.P. 12(b)(6). *See Briscoe v. LaHue*, 663 F.2d 713 (7th Cir. 1981), *cert. gr.* — U.S. —, 102 S.Ct. 1708, 72 L.Ed.2d 133 (1982); *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980). These pleading demands are not clearly contemplated by the federal rules but rather seem to reflect a trend in this circuit to protect public actors from defending wholly unsubstantiated and possibly frivolous claims under § 1983. *Cf. Rivera, et al. v. Donald Ferrell, et al.*, 538 F.Supp. 291 (N.D.Ill.1982); *Giarusso v. City of Chicago, et al.*, 539 F.Supp. 690, 692–693 (N.D. Ill.1982). The precedential value of these decisions beyond the § 1983 context is, at best, unclear. This Court believes that, in light of this situation, F.R.Civ.P. 12(e) offers a rational and effective means of dealing with arguably deficient pleadings filed in non-1983 lawsuits.

*Gillibeau v. City of Richmond,* 417 F.2d 426, 430 (9th Cir. 1969). Rule 12(e) provides that "if a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." Therefore, with regard to the conspiracy claim in Count II, the defendants' motion for a more definite statement is granted.

■ Finally, this Court turns to Count III of the complaint, which alleges tortious interference with a contract in violation of Illinois common law. The defendants argue that this state remedy is preempted by federal labor law, and that, as a result, Count III must be dismissed. The Court fully concurs.

It has become well established that state remedies for business-related torts are generally preempted by federal law, since most such claims are based on conduct capable of being characterized as unfair labor practices under § 8 of the N.L.R.A. *California State Council of Carpenters v. Associated General Contractors, Inc.,* 648 F.2d 527, 540 (9th Cir. 1980), *cert. gr.* —— U.S. ——, 102 S.Ct. 998, 71 L.Ed.2d 292 (1982).

> "The Supreme Court has adopted a broad rule of federal preemption under the labor laws, requiring preemption not only of laws which might interfere with federally protected activities, but also preempting many state remedies which are basically consistent with the aims of federal labor law."

*Id., see also* R. Gorman, *Labor Law* 776–780 (West 1976).

It is true that the Supreme Court has acknowledged a limited exception to the general rule of preemption of state regulation. In *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), the Court described the exceptional case as one

> "... where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act."

359 U.S. at 244, 79 S.Ct. at 779. Specific examples have been found to include those cases where the conduct involved acts of physical violence or concerted conduct imminently threatening violence. In such situations, state tort remedies have been allowed to supplement remedies provided by federal law. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Garmon, supra; U. A. W. v. Russell,* 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958).

The case presently before the Court does not fit the exception. No violent conduct or threat of such conduct is alleged. In fact, plaintiff has merely attempted in Count III to recharacterize his claim for damages in Count II (based on conduct which, if proven, would constitute a direct violation of § 8(b)(4) of the N.L.R.A.) as a state-law based action for business losses. This, under the doctrine of preemption, he may not do.[3]

Accordingly, the defendants' motion to dismiss with respect to Counts I and II is denied, and motion to dismiss as to Count III is granted. Defendants' motion for a more definite statement is granted with regard to Count II.

---

**3.** The plaintiff urges the Court not to dismiss its Illinois common law claim for damages, but rather to append the state claim to the federal claim by use of pendant jurisdiction. However, as the above discussion indicates, no state claim exists, as it has been preempted by federal law. Thus the doctrine of pendant jurisdiction is wholly inapposite.