NDK CORPORATION, Plaintiff-Appellant, v. LOCAL 1550 OF THE UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION *et al.,* Defendants-Appellees.

First District (4th Division)   No. 83—2747

Opinion filed October 18, 1984.

Michael F. Harvey, of Wheaton, for appellant.

Robert Karmel and Jonathan D. Karmel, both of Karmel & Rosenfeld, of Chicago, for appellees.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff employer brought an action in State court to rescind a collective bargaining agreement entered into with defendant Union. The complaint alleged that the parties had engaged in lack of good faith bargaining in negotiating the contract, conduct prohibited as an

unfair labor practice under the National Labor Relations Act. 29 U.S.C. sec. 158 (1982).

Defendant filed a motion to dismiss on the ground that the State court lacked jurisdiction over an action that involved unfair labor practices within the exclusive jurisdiction of the National Labor Relations Board. The trial court granted defendant's motion.

We affirm the decision of the trial court.

FACTS

Plaintiff, NDK Corporation (NDK), a supermarket engaged in the selling of food and food products, filed a complaint seeking rescission of a collective bargaining agreement entered into in May 1981 with defendant, Local 1550 of the United Food & Commercial Workers International Union (Union). NDK claims that the contract was procured by fraud arising out of certain oral misrepresentations made by defendant Union. These misrepresentations allegedly arose in the course of what plaintiff plainly describes as "lack of good faith bargaining," in which plaintiff admittedly and defendant allegedly engaged prior to signing the collective bargaining agreement.

NDK asserts that the parties orally agreed, as was their custom, neither to enforce nor adhere to the terms and conditions of the written contract. In the spring of 1982, in apparent contravention of this illicit pact, the Union began seeking strict compliance with the written collective bargaining agreement. Plaintiff, in response, halted compliance with the agreement and in August 1982, moved for an injunction and rescission of the contract in the United States District Court for the Northern District of Illinois, asserting jurisdiction under section 301 of the Labor Management Relations Act (29 U.S.C. sec. 185 (1982)) and alleging that the contract, induced by the illicit agreement not to comply therewith, was fraudulently procured. The district court, finding that the suit did not arise under section 301 of the Act, dismissed the complaint for lack of subject matter jurisdiction. That decision was affirmed by the Seventh Circuit Court of Appeals on June 17, 1983.

Subsequent to the district court action, the Union filed charges against NDK with the National Labor Relations Board (NLRB). Based thereon, the NLRB issued complaints against plaintiff on October 29 and December 29, 1982, and February 11, 1983, alleging that NDK committed certain unfair labor practices by withdrawing recognition from the Union and repudiating its obligations under the collective bargaining agreement. An order consolidating these complaints issued on February 25, 1983.

In January 1983, after dismissal by the Federal court and while the action before the NLRB was pending, plaintiff filed this complaint in the circuit court of Cook County seeking rescission of the written contract, an injunction and a declaratory judgment. Defendant moved to dismiss the complaint, alleging that the jurisdiction of the State court was preempted by the action then pending before the NLRB, which had exclusive jurisdiction over the regulated conduct. The trial court denied defendant's motion.

On August 22, 1983, defendant filed a petition for reconsideration of its motion to dismiss the complaint. In its motion, defendant alleged that on July 11, 1983, a hearing before an administrative law judge had commenced on the complaints issued against NDK and that in that proceeding, contrary to the representation NDK had made to the trial court, plaintiff had been given full opportunity to litigate its affirmative defense of fraud.

In an order issued November 16, 1983, the trial court granted defendant's motion for reconsideration and dismissed the complaint as to all defendants with prejudice, finding that the National Labor Relations Board had exclusive jurisdiction of the matter. It is from this order that plaintiff now appeals.

OPINION

The sole issue on appeal is whether the circuit court of Cook County has subject matter jurisdiction over a complaint brought by an employer, seeking rescission of a collective bargaining agreement on the basis of fraudulent misrepresentations, wherein the conduct complained of arguably constitutes an unfair labor practice under section 8 (29 U.S.C. sec. 158 (1982)) of the Labor Management Relations Act (Act). We believe that under these circumstances, the jurisdiction of the circuit court is preempted by the exclusive primary jurisdiction vested in the National Labor Relations Board.

The preemption doctrine and its effect on the jurisdiction of a State court to hear certain suits involving conduct regulated by the NLRB is predicated on the theory that a single national labor policy is desirable and that such policy can best be administered and applied by the National Labor Relations Board. (*Alexander v. Standard Oil Co.* (1977), 53 Ill. App. 3d 690, 368 N.E.2d 1010.) In creating the NLRB, Congress confided primary interpretation and application of its rules to a specific and specially constituted tribunal and prescribed particular procedures for investigation, complaint and notice, and hearing and decision. Congress thereby evinced its intent that the administration of these specially designed procedures be centralized to obtain

uniform application of its substantive rules as well as to avoid the conflicts likely to result from multifarious local procedures and attitudes towards labor controversies. *Motor Coach Employees v. Lockridge* (1971), 403 U.S. 274, 286, 29 L. Ed. 2d 473, 483, 91 S. Ct. 1909, 1918; *Gust G. Larson & Sons v. Radio & T.V. Broadcast Engineers* (1965), 66 Ill. App. 2d 146, 213 N.E.2d 100.

Section 7 of the Labor Management Relations Act (29 U.S.C. sec. 157 (1982)) sets forth certain conduct of employees that is specifically protected. Correspondingly, section 8 of the Act (29 U.S.C. sec. 158 (1982)) defines certain acts which constitute unfair labor practices and are specifically prohibited. It is clear that when an activity is protected by section 7 of the Act or prohibited as an unfair labor practice by section 8 of the Act, State court jurisdiction is preempted. (*May Department Stores v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 355 N.E.2d 7.) Moreover, when an activity is even arguably subject to sections 7 or 8 of the Act, the States must defer to the exclusive primary jurisdiction of the National Labor Relations Board. (*San Diego Building Trades Council, Local 2020 v. Garmon* (1959), 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773.) This doctrine of preemption has come to be known as the *Garmon* rule.

Section 8 (29 U.S.C. sec. 158(d) (1982)) of the Act imposes a duty to bargain in good faith and makes violation of that duty an unfair labor practice:

> "*** to bargain collectively is the performance of the mutual obligation of the employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, or any question arising thereunder, and the execution of a written contract incorporating any agreement reached ***."

It is well settled that the obligation to bargain in good faith imposed by section 8(d) of the Act includes the obligation to execute a written contract embodying an oral collective bargaining agreement reached between an employer and its employees' bargaining representative and that the failure to execute such a contract violates sections 8(a)(5) and (1) of the Act. (*NLRB v. Electra-Food Machinery, Inc.* (9th Cir. 1980), 621 F.2d 956, citing *NLRB v. Strong* (1969), 393 U.S. 357, 21 L. Ed. 2d 546, 89 S. Ct. 541.) The mere pretense at negotiation does not fulfill the duty to bargain in good faith. (*NLRB v. Shannon* (9th Cir. 1953), 208 F.2d 545.) Plaintiff, by his own admission, has engaged in the very conduct that violates section 8 of the Act.

Plaintiff seeks its "day in court" to try its allegation that defendant Union procured the collective bargaining agreement by fraud. The complained-of fraud stems from an oral agreement allegedly entered into between plaintiff and defendant, prior to the execution of and not embodied in the written contract, in which it was agreed that the terms and conditions of the collective bargaining agreement would never be enforced or carried out by either party. Plaintiff, in its complaint, plainly admits its failure to bargain in good faith, stating at paragraph 8 of count I,

"8. That at all times herein-mentioned regarding [the collective bargaining agreement], plaintiff and defendant did not bargain in good faith, or bargain at all, regarding the wages, hours and other conditions of employment of plaintiff's employees ***."

Plaintiff goes on to state that "notwithstanding the lack of good faith bargaining" plaintiff and defendant signed the contract and that plaintiff relied on the oral agreement not to enforce it. In addition to admitting that it failed to bargain in good faith, plaintiff admits that it executed a written contract that did not embody the prior oral agreement. This conduct is "arguably" an unfair labor practice. Plaintiff's characterization of this conduct as tortious, *i.e.*, fraud, does not alter the fact that it also constitutes an unfair labor practice. What plaintiff fails to understand is that it is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern in determining whether a complaint is subject to the exclusive jurisdiction of the NLRB. 51A C.J.S. *Labor Relations* sec. 524 (1967, Supp. 1983).

Similarly, plaintiff cannot mask conduct that arguably constitutes an unfair labor practice subject to the doctrine of preemption by seeking a State law remedy. State law remedies for torts, such as that plaintiff seeks, are generally preempted by Federal law, since most claims are based on conduct capable of being characterized as unfair labor practices under section 8 of the Labor Management Relations Act. (*Park Electric Co. v. Electrical Workers Local 701* (N.D. Ill. 1982), 540 F. Supp. 779.) It would therefore appear that both plaintiff's claim and the remedy it seeks are subject to the doctrine of preemption.

While it is true that the Supreme Court has acknowledged a few limited exceptions to the general rule of preemption (*San Diego Building Trades Council v. Garmon* (1959), 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773), plaintiff has failed to show how the instant action fits within any of these exceptions.

One such exception is where the regulated conduct touches interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, the States are not necessarily deprived of jurisdiction. (*San Diego Building Trades Council v. Garmon* (1959), 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773.) Examples of such conduct include acts of physical violence or concerted conduct imminently threatening violence. (*Park Electric Co. v. Electrical Workers Local 701* (N.D. Ill. 1982), 540 F. Supp. 779.) The instant action, alleging fraud in the procurement of a collective bargaining agreement, does not involve the type of conduct necessary to bring it within this exception.

A second exception to the *Garmon* rule of preemption has been found where the activity regulated is merely a peripheral concern of the Act. (*May Department Stores v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 355 N.E.2d 7.) Because the instant action arises from conduct that arguably constitutes unfair labor practices, and the prevention of unfair labor practices is a major focus and objective of the Act, the present case does not fall within this second exception.

The third exception to the *Garmon* rule and the one upon which plaintiff appears to rely is that set forth by the court in *Smith v. Evening News Association* (1962), 371 U.S. 195, 9 L. Ed. 2d 246, 83 S. Ct. 267. Plaintiff cites *Smith* and its progeny for the proposition that a State court is not necessarily divested of its jurisdiction over an action merely because the activity involved arguably constitutes an unfair labor practice prohibited under section 8 of the Act. (29 U.S.C. sec. 158 (1982).) While this overgeneralization of the *Smith* holding is correct as far as it goes, it does not go far enough. Plaintiff fails to acknowledge the crucial factor in *Smith* that serves as the basis for the exception, distinguishing it from and rendering it inapposite to the case at bar.

In *Smith*, an employee brought an action in State court against his employer, alleging that the employer had violated a clause in the collective bargaining agreement and seeking damages for breach of contract. The court found that the conduct upon which the breach was based concededly would constitute an unfair labor practice. Despite this finding, the court, following *Local 174, Teamsters v. Lucas Flour Co.* (1961), 369 U.S. 95, 7 L. Ed. 2d 593, 82 S. Ct. 571, and *Dowd Box Co. v. Courtney* (1961), 368 U.S. 502, 7 L. Ed. 2d 483, 82 S. Ct. 519, expressly refused to apply *Garmon*, holding instead that

"[t]he authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by sec. 301, but it is not exclusive and does not de-

stroy the jurisdiction of the courts *in suits under sec. 301.*" (Emphasis added.) *Smith v. Evening News Association* (1962), 371 U.S. 195, 197, 9 L. Ed. 2d 246, 249, 83 S. Ct. 267, 269.

Section 301 of the Labor Management Relations Act provides in pertinent part:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties ***." 29 U.S.C. sec. 185(a) (1982).)

Suits arising under section 301 may be brought in either State or Federal court. *Dowd Box Co. v. Courtney* (1961), 368 U.S. 502, 7 L. Ed. 2d 483, 82 S. Ct. 519.

The court in *Smith v. Evening News Association* (1962), 371 U.S. 195, 9 L. Ed. 2d 246, 83 S. Ct. 267, concluded that the petitioner's action arose under section 301 and was therefore not subject to the preemption doctrine. As defendant correctly points out, however, the clear and unequivocal holding in *Smith* is that Federal and State courts are not necessarily divested of jurisdiction over suits that arguably or concededly involve unfair labor practices where such suits *arise under section 301*. Thus, in *Humphrey v. Moore* (1964), 375 U.S. 335, 11 L. Ed. 2d 370, 84 S. Ct. 363, also relied on by plaintiff, the action alleging breach of a collective bargaining agreement, arising under section 301, was properly brought in State court.

Unlike *Smith v. Evening News* (1962), 371 U.S. 195, 9 L. Ed. 2d 246, 83 S. Ct. 267, *Humphrey v. Moore* (1964), 375 U.S. 335, 11 L. Ed. 2d 370, 84 S. Ct. 363), *Alexander v. Standard Oil Co.* (1977), 53 Ill. App. 3d 690, 368 N.E.2d 1010, and the other cases upon which plaintiff relies, the instant action quite clearly does not arise under section 301 of the Labor Management Relations Act (29 U.S.C. sec. 185 (1982).) This suit alleges fraud arising out of an illicit oral agreement which was in no way embodied in the terms and conditions of the final, written collective bargaining contract. The Federal district court, in flatly rejecting section 301 as a basis of jurisdiction, explained its reasoning as follows:

"Applying these standards to this case, the court finds that jurisdiction does not exist under sec. 301. From its own language, it is clear that this complaint includes charges [of] unfair labor practices, since it alleges that the union did not bargain in good faith. Further, the union has always considered NDK's position in this matter as conduct violating secs. (a)(1) and (5)

of the Act, 29 U.S.C. secs. 158(a)(1) and (5), and the Board has issued a complaint and notice of hearing on the charges. Thus, if jurisdiction existed in this court, it would be one of the limited circumstances in which concurrent jurisdiction exists in the court and the Board, as discussed in *Smith v. Evening News Ass'n*, 371 U.S. 195 (1962). However, this complaint does not charge a violation of the Agreement nor does it seek a declaration of rights under a provision of the Agreement. It rather seeks a rescission of the Agreement, denying that any of the Agreement's terms were actually agreed upon. Under these circumstances, the court cannot find that this is a '[s]uit for violation of [a] contract between an employer and a labor organization *** ' sec. 301(a) of the Act, 29 U.S.C. sec. 185(a). Therefore, there is no jurisdiction over this complaint by this court."

This same reasoning applies with equal force to the instant action. The fraud of which plaintiff complains arises from an oral pact not embodied in the agreement, not from the agreement itself.

Ironically, it is NDK that stresses that this action does not arise under section 301 of the Labor Management Relations Act. Indeed, plaintiff must take this position to make colorable its claim of State court jurisdiction and to distinguish this suit from the suit already brought in and dismissed from Federal court. However, in so doing, plaintiff necessarily renders inapplicable the very authority upon which it relies. Thus, while it is true that State courts exercise concurrent jurisdiction with Federal courts and the NLRB over actions arising under section 301 of the Labor Management Relations Act which involve the construction or enforcement of collective bargaining agreements in addition to what may constitute unfair labor practices, it is undisputed that the instant case is not such an action.

Because the aforementioned exceptions to the *Garmon* rule are inapplicable to the case at bar, we must conclude that plaintiff's complaint is subject to the doctrine of preemption, falling within the exclusive jurisdiction of the National Labor Relations Board. The trial court was therefore correct in dismissing the complaint for lack of subject matter jurisdiction.

For all of the reasons mentioned above, we affirm the trial court's decision.

Affirmed.

JOHNSON and ROMITI, JJ., concur.