RICHARD F. BEAIRD, Plaintiff-Appellant, v. MILLER'S MUTUAL INSURANCE ASSOCIATION OF ILLINOIS, Defendant-Appellee.

Fifth District   No. 5—84—0309

Opinion filed May 2, 1985.

Kenneth E. Baughman, of Monticello, for appellant.

Stephen J. Maassen, of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Richard F. Beaird, filed suit against defendant, Miller's Mutual Insurance Association of Illinois, for retaliatory discharge, in which he alleged that he was constructively discharged from employment by defendant. Leave was granted plaintiff to file a second amended complaint which consisted of three counts. Defendant's motion to dismiss this complaint was granted and plaintiff perfected this appeal.

Plaintiff's second amended complaint alleged that he was entitled to be awarded damages both for retaliatory discharge and for breach of the duty of good faith and fair dealing under a contract of employment between plaintiff and defendant. Each of plaintiff's three counts alleged that defendant was an Illinois insurance corporation; that on or about September 1, 1971, the plaintiff and the defendant entered into a contract of employment; that on or about October 16, 1981, the plaintiff was forced to terminate his employment with said defendant because of the wrongful acts of the defendant. Plaintiff averred that defendant refused to return plaintiff's telephone calls; refused to give him quotes for requests for insurance; cancelled his policies; refused

to answer plaintiff's memos or correspondence; failed to provide satisfactory and customary service to customers; initiated unnecessary billing and collection letters directed to customers without proper explanation; raised rates or assessment of additional premiums or charges against customers without satisfactory explanation; and rendered little or no cooperation to the plaintiff.

In count I plaintiff further alleged that (1) said actions were taken by defendant against plaintiff in retaliation for plaintiff's association with and becoming an officer of the Society of Agents of Miller's Mutual (subsequently called the Committee of Concerned Miller's Agents), an organization of insurance agents of defendant who sought to organize a union of the defendant's insurance agents under sponsorship of the Insurance Workers International affiliated with the A.F. of L. and the C.I.O.; and (2) that the right of an employee to associate with others for purposes of selecting a bargaining agent without interference, restraint, or coercion from his employer is recognized as the public policy of the common law of this State and the policy of the Federal government as contained within 29 U.S.C. sec. 151 (1982). Counts II and III also alleged that defendant's actions were done in retaliation for plaintiff's union activity.

The trial court granted defendant's motion to dismiss on the basis that it did not have jurisdiction of the subject matter of the second amended complaint because it was preempted from the field by the National Labor Relations Act (29 U.S.C. sec. 151 et seq. (1982)). The trial court further found that plaintiff failed to state a cause of action for retaliatory discharge in counts I and III and for breach of the duty of good faith and fair dealing under a contract as alleged in count II. We affirm the trial court's judgment and find that plaintiff's complaint falls within the exclusive jurisdiction of the National Labor Relations Board.

The general rule of preemption was stated in *San Diego Building Trades Council v. Garmon* (1959), 359 U.S. 236, 244, 3 L. Ed. 2d 775, 782, 79 S. Ct. 773, 779, in which the court stated:

"When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by section 7 of the National Labor Relations Act [29 U.S.C. sec. 157], or constitute an unfair labor practice under section 8 [29 U.S.C. sec. 158], due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law."

Although later cases have refined the *Garmon* standard (see *Sears, Roebuck & Co. v. San Diego County District Council of Carpenters* (1978), 436 U.S. 180, 56 L. Ed. 2d 209, 98 S. Ct. 1745; *Farmer v. United Brotherhood of Carpenters & Joiners of America, Local 25* (1977), 430 U.S. 290, 51 L. Ed. 2d 338, 97 S. Ct. 1056), it remains the basic test for determining the extent to which State and Federal courts must defer to the jurisdiction of the National Labor Relations Board (see *Local 926, International Union of Operating Engineers, AFL-CIO v. Jones* (1983), 460 U.S. 669, 676-77, 75 L. Ed. 2d 368, 375-76, 103 S. Ct. 1453, 1458-59). The Illinois appellate court recently stated that when "an activity is even arguably subject to sections 7 or 8 of the [National Labor Relations] Act, the States must defer to the exclusive primary jurisdiction of the National Labor Relations Board." *NDK Corp. v. Local 1550 of the United Food & Commercial Workers International Union* (1984), 128 Ill. App. 3d 207, 210, 470 N.E.2d 565, 567-68.

Other jurisdictions have recognized that an allegation that an employee was discharged due to participation in union activities is an allegation of unfair labor practice and falls within the exclusive jurisdiction of the National Labor Relations Board. (*Buscemi v. McDonnell Douglas Corp.* (9th Cir. 1984), 736 F.2d 1348, 1350; *Viestenz v. Fleming Cos.* (10th Cir. 1982), 681 F.2d 699, 701-02, *cert. denied* (1982), 459 U.S. 972, 74 L. Ed. 2d 284, 103 S. Ct. 303.) We find these authorities persuasive in the case at bar.

In the instant case, as in *Buscemi* and *Viestenz*, the thrust of all three counts of plaintiff's complaint is that he was discharged in violation of his right to engage in concerted activities for the purpose of collective bargaining and mutual aid and protection of employees. This is an activity explicitly protected by the National Labor Relations Act (29 U.S.C. secs. 157, 158 (1982)) and, consequently, within the exclusive jurisdiction of the National Labor Relations Board. The trial court correctly found that plaintiff's action was preempted by the National Labor Relations Act.

Since we find that Federal law preempts plaintiff's cause of action, we do not consider the other issues raised by plaintiff.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

JONES, P.J., and KARNS, J., concur.