MISSOURI PORTLAND CEMENT COMPANY, Plaintiff and Counter-defendant-Appellee, v. UNITED CEMENT, LIME, GYPSUM & ALLIED WORKERS INTERNATIONAL UNION *et al.*, Defendants-Counterplaintiffs and Third-Party Plaintiffs-Appellants (Nuckols and Associates, Security Inc., *et al.*, Third-Party Defendants-Appellees).

Fifth District   No. 5—86—0317

Opinion filed March 18, 1987.—Rehearing denied April 13, 1987.

Paul F. Henry, of Kruger & Henry, of Metropolis, and J.F. Sounders, of St. Louis, Missouri, for appellants.

Joseph J. Neely, of Neely & Neely, of Metropolis, and Richard Martin Lyon, Charles C. Jackson, and Brenda D. Hofman, all of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee Missouri Portland Cement Company.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendants appeal from the order of the circuit court of Massac County dismissing their counterclaim and counterclaim–third-party complaint against plaintiff, Missouri Portland Cement Company, on the ground the court did not have jurisdiction of the subject matter of the action. We affirm.

Prior to April 30, 1984, plaintiff's employees at the Joppa, Illinois, facility, represented by Local 438D of the United Cement, Gypsum and Allied Workers International Union, Division of Boilermakers, AFL-CIO, worked under a collective-bargaining agreement. On April 30, that agreement expired. Because the parties could not reach a new agreement, the employees went on strike June 15, 1984. Fourteen days later, plaintiff implemented a new labor "contract" governing the employees' terms and conditions of employment. On August 6, the employees on strike unconditionally offered to return to work. Plaintiff, however, had permanently replaced 115 of the employees by that time and refused to reinstate those union members displaced from their jobs.

Two days later, plaintiff filed suit against the local and international unions and several union officers for damages arising out of a number of violent incidents which occurred during the strike. The union, through four of its officers, individually and as representatives of the 115 striking employees, denied engaging in any violence. At the same time, defendants filed a counterclaim against plaintiff alleging discrimination against the striking employees on the basis of their union membership, bad-faith negotiation on the part of plaintiff, and various breaches of the labor "contract." Defendants also filed a counterclaim–third-party complaint against plaintiff and five other persons or corporations alleging a conspiracy to deprive the

employees of their "contract" rights. Defendants' counterclaims essentially duplicate two separate charges filed in July by the union against plaintiff with the National Labor Relations Board (NLRB) alleging violations of sections 7 and 8 of the National Labor Relations Act (NLRA) (29 U.S.C. secs. 157, 158 (1982)). No disposition of these charges, however, is evident on the record. Plaintiff moved to dismiss these complaints on the ground the matters were preempted under the NLRA. The trial court dismissed defendants' counterclaim and third-party action against plaintiff and denied defendants' motion to amend their pleadings on the basis that defendants' claims were preempted. The court did, however, give defendants leave to file an amended third-party complaint against the five other persons or corporations. Defendants never filed this action. Plaintiff later voluntarily dismissed its action against all defendants.

Defendants argue on appeal the trial court erred in dismissing their action against plaintiff on the basis of preemption under the NLRA. Defendants believe they have properly stated causes of action under Illinois tort and contract law which are not preempted by the NLRA. Defendants additionally assert the disputed "contract" is between an employer and its employees and not between an employer and a labor organization. As such, defendants conclude the contract does not fall within the purview of section 301 of the Labor Management Relations (Taft-Hartley) Act (LMRA) (29 U.S.C. sec. 185(a) (1982)).

■■ ■ In enacting the NLRA, Congress intended for the NLRB generally to exercise exclusive jurisdiction over industrial relations. (*International Longshoremen's Association v. Davis* (1986), 476 U.S. 380, ____, 90 L. Ed. 2d 389, 389-90, 106 S. Ct. 1904, 1912.) As stated in *San Diego Building Trades Council v. Garmon* (1959), 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773, "to allow the States to control [conduct] which is the subject of national regulation would create potential frustration of national purposes." (359 U.S. 236, 244, 3 L. Ed. 2d 775, 783, 79 S. Ct. 773, 779.) Therefore, when it is clear or may fairly be assumed or even arguable that the activities which a State purports to regulate are protected under the NLRA or constitute an unfair labor practice under the Act, State jurisdiction must yield. 359 U.S. 236, 244-45, 3 L. Ed. 2d 775, 782-83, 79 S. Ct. 773, 779-80; *Beaird v. Miller's Mutual Insurance Association* (1985), 133 Ill. App. 3d 670, 671-72, 479 N.E.2d 374, 376, *cert. denied* (1986), 475 U.S. 1014, 89 L. Ed. 2d 308, 106 S. Ct. 1193; *NDK Corp. v. Local 1550 of United Food & Commercial Workers International Union* (1984), 128 Ill. App. 3d 207, 210, 470 N.E.2d

565, 567-68.

■ Defendants' claims clearly fall within the exclusive jurisdiction of the NLRB. Their claims of discrimination, interference, and coercion because of union membership and of harm resulting from plaintiff's "unilaterally" established employment contract are virtual restatements of section 8 of the NLRA. (See 29 U.S.C. secs. 158(a)(1), (a)(3), (a)(5) (1982). See also *NLRB v. Katz* (1962), 369 U.S. 736, 743, 8 L. Ed. 2d 230, 236, 82 S. Ct. 1107, 1111.) Even defendants themselves filed charges with the NLRB alleging nearly identical claims as contained within their complaints before us.

Federal preemption cannot be avoided by labeling Federal claims as State-law contract claims and torts. (See *NDK Corp. v. Local 1550 of United Food & Commercial Workers International Union* (1984), 128 Ill. App. 3d 207, 211, 470 N.E.2d 565, 568. See also *Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 330, 489 N.E.2d 1367, 1372.) It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus in determining whether a complaint is subject to the exclusive jurisdiction of the NLRB. (*NDK Corp. v. Local 1550 of United Food & Commercial Workers International Union* (1984), 128 Ill. App. 3d 207, 211, 470 N.E.2d 565, 568.) To allow defendants to proceed with their claims here would be nothing more than elevating form over substance. (See *Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 332, 489 N.E.2d 1367, 1373.) This we will not allow.

■ We also note, although not stated by the trial court, that defendants' claims arguably fall within the purview of section 301 of the LMRA. Defendants' counterclaim explicitly states that the union officers and membership accepted plaintiff's contract offer. The contract itself is entitled "Agreement By and Between Missouri Portland Cement Company and United Cement, Lime, Gypsum and Allied Workers, Local Union No. 438." The contract between the parties is therefore a section 301 contract. The dispute is between plaintiff and the union, not between plaintiff and individual employees.

While suits arising under section 301 are not necessarily preempted (see *Smith v. Evening News Association* (1962), 371 U.S. 195, 197, 201, 9 L. Ed. 2d 246, 249, 251-52, 83 S. Ct. 267, 269, 270), Federal labor-contract law does preempt State tort actions which are substantially dependent upon analysis of the terms of an agreement made between the parties (see *Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 211-13, 219-21, 85 L. Ed. 2d 206, 215-16, 220-21, 105 S. Ct. 1904, 1911-12, 1915-16; *Bartley v. University*

*Asphalt Co.* (1986), 111 Ill. 2d 318, 328-30, 489 N.E.2d 1367, 1371-72). This includes tort claims for breach of a good-faith obligation under the contract (*Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 218-19, 85 L. Ed. 2d 206, 219-20, 105 S. Ct. 1904, 1915), as well as questions relating to what the parties agreed and what legal consequences were intended to flow from breaches of the agreement (*Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 330, 489 N.E.2d 1367, 1372). Consequently, defendants' State tort and contract claims should also be preempted under section 301 of the LMRA.

For the foregoing reasons, we affirm the judgment of the circuit court of Massac County dismissing defendants' counterclaim and counterclaim–third-party complaint against plaintiff on the ground of preemption under the NLRA.

Affirmed.

HARRISON and WELCH, JJ., concur.