James **SHELTON**, Jr., **Plaintiff,**

v.

**HAWAII CARPENTERS' PENSION, HEALTH & WELFARE, APPRENTICESHIP, VACATION & HOLIDAY AND ANNUITY TRUST FUNDS, Defendants/Counter–Claimants/Third–Party Plaintiffs,**

v.

**ABC CUSTOM CEDAR HOMES PACIFIC, Third–Party Defendant.**

**Civ. No. 87–666.**

United States District Court, D. Hawaii.

June 16, 1988.

Torkildson, Katz, Jossem, Fonseca & Moore, Jeffrey Harris, Honolulu, Hawaii, for James Shelton, Jr.

Joseph Kinoshita, Ashley Ikeda, Honolulu, Hawaii, for Hawaii Carpenters' Trust Funds.

## ORDER

KAY, District Judge.

### I.

Plaintiff has moved this court for summary judgment. The court, having considered the motions, the memoranda filed in support and in opposition thereto, the arguments of counsel, and the record herein finds as follows:

This court denied a previous motion by plaintiff for summary judgment on December 3, 1987, 674 F.Supp. 791. Therefore, this motion is essentially a motion for reconsideration of plaintiff's first motion for summary judgment.

### II.

Plaintiff Shelton is the sole proprietor of a business called James Shelton, Jr. General Contractor (General Contractor). He is also one of two general partners in a business called ABC Custom Cedar Homes Pacific (ABC). The other general partner in ABC is Shelton's wife.

The plaintiff brought this declaratory action to determine whether ABC is liable for trust fund contributions to defendant Hawaii Carpenters' Pension, Health & Wel-

fare, Apprenticeship, Vacation & Holiday and Annuity Trust Funds (Trust Funds). As part of the Master Collective Bargaining Agreement (master CBA) which General Contractor executed with Local 745 in 1979, Shelton was required to make certain contributions to ERISA trust funds. There appears no dispute that Shelton complied with the terms of the master CBA and made all required trust fund contributions for General Contractor employees. After the expiration of the 1979 master CBA, General Contractor continued in many respects to comply with an existing master CBA which was executed in 1984 between a multi-employer bargaining unit and Local 745, however Shelton was not a signatory to the 1984 master CBA.

In addition, Shelton made trust fund contributions on a report required by the 1984 master CBA which included the following clauses,

(1) "[t]he undersigned, as the authorized representative of the Contractor herein agrees to comply with the wages, hours, and working conditions of the collective bargaining agreement between Local 745 and signatory members of [the multi-employer bargaining unit.]"

(2) "[t]he Contractor hereby adopts and agrees to be bound by the [ERISA] trust agreements ... [referenced in the master CBA]."

The other relevant facts and background of this case are contained in the court's Order of December 3, 1987. In that order this court found that ABC had not adopted the CBA by conduct because there was a complete lack of evidence showing that ABC had complied with, or had the intent to be bound by any CBA. Secondly, the court found that the 1987 memorandum agreement expressly excluded ABC from the CBA and therefore "Shelton *did not* expressly enter into an agreement which would obligate him to make ERISA trust fund contributions for ABC employees." Order of December 3, 1987, pg. 7.

The court also found a genuine issue of material fact where General Contractor may have adopted the CBA by conduct and that ABC may be General Contractor's al-

ter ego. The court found that based upon Shelton's conduct in his operation of General Contractor that there is a genuine issue of material fact with respect to whether General Contractor can be found to have adopted the master CBA by conduct during the time period for which contributions are claimed. Further,

this court finds that [the] facts could lead a reasonable juror to find that General Contractor and ABC are alter egos. If, indeed, ABC and General Contractor are alter egos, then Shelton *might* have an obligation to make contributions to the ERISA trust funds for ABC employees since General Contractor could be found to have adopted the master CBA through its compliance with the master CBA's terms, as noted above.

Order of December 3, 1987, pgs. 10–11.

### III.

A denial of summary judgment is an interlocutory decree and a district court may reconsider such an order at its discretion. *Kern–Tulare Water District v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal.1986) (citing *United States v. Florian*, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105 (1941)). When a party shows why a prior denial of a motion for summary judgment is no longer applicable or should be departed from, the trial court may, in its discretion, consider a renewed motion for summary judgment, especially when the renewed motion is based upon an expanded record. *Kern–Tulare*, 634 F.Supp. at 665 (citing *Kirby v. P.R. Mallory & Co., Inc.*, 489 F.2d 904, 913 (7th Cir.1973)).

The *Kern–Tulare* court recognized three major grounds for reconsideration of a motion for summary judgment: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or prevent manifest injustice. *Kern–Tulare*, 634 F.Supp. at 665.

The previous summary judgment motion was on the same issue of whether plaintiff is liable to defendant Trust Funds for contributions for employees of ABC. The plaintiff's instant motion for summary

judgment is premised upon a recent National Labor Relations Board (NLRB) decision which rejects the adoption by conduct theory for employers in the construction industry, "Section 8(f) employers." *Garman Construction Company*, 287 NLRB No. 12 (December 14, 1987). Plaintiff urges this court to give precedential value to the NLRB decision which would have the effect of finding that General Contractor did not adopt the CBA by conduct and therefore ABC could not be held liable for trust fund contributions by the alter ego theory. After reviewing the plaintiff's motion under the *Kern–Tulare* standard above, the court finds that plaintiff does allege that the recent NLRB case is a new development in the law, which provides grounds for reconsideration of this court's previous denial of summary judgment.

## IV.

■ This court found in its previous order that General Contractor may have been bound to the 1984 CBA through adoption by conduct prior to the signing of the memorandum agreement in 1987. While the court previously found that the 1987 memorandum agreement expressly excluded ABC from the CBA and therefore Shelton did not expressly enter into an agreement which would obligate him to make ERISA trust fund contributions for ABC employees, the court now finds that ABC may be bound under the alter ego theory if General Contractor expressly agreed to be bound for contributions prior to September 21, 1987. There is a question of fact whether General Contractor is bound by its 1987 memorandum agreement to the 1984 CBA as there is a question of the parties intent regarding the application of the terms of the 1984 CBA prior to September 21, 1987. The evidence shows that the September 21, 1987 letter which states that General Contractor was under no obligation to contribute prior to September 21, 1987, is contrary to the terms of the Memorandum Agreement which says that the CBA's terms are effective as of September 1, 1984.

The plaintiff argues that the "memorandum of agreement" to incorporate the 1979

multi-employer CBA for General Contractor expired in 1984 and was not later in effect. The plaintiff further argues that because there was no CBA in effect, General Contractor was not obligated to contribute to the trust funds. Therefore, plaintiff argues that ABC was likewise not obligated to contribute to the trust funds.

The plaintiff asserts that in 8(f) cases, the adoption by conduct theory is not available to find that General Contractor was bound by the 1984 CBA. *Garman Construction Company*, 287 NLRB No. 12 (December 14, 1987). "8(f) cases" are cases which involve Section 8(f) of the National Labor Relations Act ("NLRA"), 29 U.S.C. Section 158(f) which allows a construction industry employer to enter agreements with a union before the union proves that they represent a majority of employees. The NLRB notes in *Garman* that the NLRB does not apply the adoption by conduct theory in 8(f) cases. The plaintiff therefore argues that this court's previous statement, that General Contractor may have adopted the CBA by conduct, is no longer applicable because of the NLRB *Garman* decision. Defendants contend that the *Garman* decision is not precedent in the Ninth Circuit since the Ninth Circuit has already adopted a different interpretation of the NLRA. *Mesa Verde Construction Co. v. Northern California Dist. Council of Laborers*, 820 F.2d 1006, 1013 (9th Cir.1987).

■ This court is only obligated to defer to the NLRB in cases where it does not conflict with previous Ninth Circuit law. In *Mesa Verde, supra,* the Ninth Circuit stated that it gives deference to NLRB decisions if the decision is a reasonable interpretation and application of the NLRA and if adoption of the respective doctrine does not conflict with any previous Ninth Circuit decisions. *Mesa Verde,* 820 F.2d at 1013. Therefore, the issue is whether the NLRB's *Garman* decision is a reasonable interpretation and application of the labor statute and whether the Ninth Circuit has recognized the adoption by conduct doctrine. If the court finds that the interpre-

tation by the NLRB unreasonable or unsupported or if the Ninth Circuit does not have a blank slate with regards to the adoption by conduct doctrine, the court is precluded from giving the *Garman* decision precedential effect.

■ First, this court finds that the NRLB *Garman* decision merely states in a footnote, with no explanation as to its reasoning, that there is no adoption by conduct in 8(f) cases. However, allowing adoption by conduct of a CBA by an 8(f) employer is a more reasonable interpretation of the NLRA and more fully effectuates the policies behind holding construction industry employers liable for contributions under collective bargaining agreements when there has been a manifestation of intent to be bound by the agreement.

Contract law must be applied with flexibility to the field of labor relations. *N.L.R.B. v. Electra–Food Machinery, Inc.,* 621 F.2d 956, 958 (9th Cir.1980). In reliance on this principal, the Ninth Circuit has stated,

> In the context of labor disputes, and particularly section 8(a)(5) [NLRA] violations, however, the technical question of whether a contract was accepted in the traditional sense is perhaps less vital than it otherwise would be. Rather, a more crucial inquiry is whether the two sides have reached an "agreement," even though that "agreement" might fall short of the technical requirements of an accepted contract.

*N.L.R.B. v. Donkin's Inn, Inc.,* 532 F.2d 138, 141 (9th Cir.), *cert. denied,* 429 U.S. 895, 97 S.Ct. 257, 50.L.Ed.2d 179 (1976). Whether or not an agreement has been reached between two parties is a question of fact and all that is required is conduct manifesting an intention to abide and be bound by the terms of an agreement. *Capitol–Husting Co., Inc. v. NLRB,* 671 F.2d 237, 243 (7th Cir.1982). Further, this court concurs with the reasoning on adoption by conduct set forth in the Ninth Circuit decisions discussed below.

The *Garman* decision does not provide this court with a rationale as to why adoption by conduct does not effectuate the policy of binding employers to a collective bargaining agreement when they have manifested an intention to be bound. Therefore, this court will not give precedential effect to *Garman* until such time as the Ninth Circuit en banc finds that *Garman* provides the better rationale.

■ Second, along with the Ninth Circuit precedent cited above, the Ninth Circuit already has applied the adoption by conduct doctrine in *International Brotherhood of Electrical Workers, Local 532 v. Brink Construction Co.,* 825 F.2d 207 (9th Cir. 1987), even though on the facts of the *Brink* case the court found there was not an adoption of the CBA by the Brink Construction Company's conduct. Furthermore, in *Hawaii Carpenters' Trust Funds v. Waiola Carpenter Shop, Inc.,* 823 F.2d 289, 295 n. 8 (9th Cir.1987), the Ninth Circuit stated in dicta that "an employer may be held to have" " 'adopted' the terms and conditions of the [CBA]" "by embarking on a course of conduct evincing an intention to be bound." Also, in *Arizona Laborers, Teamsters and Cement Masons Local 395 Health and Welfare Trust Fund v. Conquer Cartage Co.,* 753 F.2d 1512, 1520 n. 13 (9th Cir.1985), the Ninth Circuit stated that "[w]e have not yet had the opportunity, and find it unnecessary and inappropriate here, to rule upon the validity of the adoption theory." The same opinion states, however, that a "strong argument can be made that the employer, by honoring the terms of the [CBAs] ... did, in fact, adopt the [CBAs]." *Id.* Therefore, the court will not give *Garman* precedential effect because the Ninth Circuit has recognized the adoption by conduct theory and absent an en banc review, this court is bound to defer to Ninth Circuit precedent.

## V.

The court finds that questions of fact exist as to whether ABC is bound by the 1984 CBA by being the alter ego of General Contractor. There are two possible grounds for the application of the alter ego theory in this case. First, General Contractor may have expressly agreed to the terms of the 1984 CBA in its 1987 memorandum agreement. Second, ABC would be bound

by alter ego if General Contractor adopted the 1984 CBA by conduct. With respect to the adoption by conduct issue, this court declines to give the NLRB *Garman* decision precedential effect under the *Mesa Verde* criteria, *supra.*

Accordingly, the court's Order of December 3, 1987 denying plaintiff's motion for summary judgment is affirmed insofar as it is consistent with the instant order.